# IN THE SUPREME COURT OF IOWA

No. 16–2087

Filed October 27, 2017

Amended November 15. 2017

**STATE OF IOWA,**

     Appellee,

vs.

**JOHN DOE,**

     Appellant.

---

Appeal from the Iowa District Court for Mahaska County, Randy DeGeest, Judge.

An individual appeals the denial of his motion to expunge the record of a dismissed simple misdemeanor proceeding. **REVERSED AND REMANDED.**

Gina Messamer and Brandon Brown of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Emily Willits and David M. Ranscht, Assistant Attorneys General, for appellee.

**MANSFIELD, Justice.**

### I. Introduction.

What is a "criminal case"? Today, we are asked to answer this seemingly simple question in the context of Iowa's recently enacted expungement law. That law mandates expungement of the record when "[t]he criminal case contains one or more criminal charges in which an acquittal was entered for all criminal charges, or in which all criminal charges were otherwise dismissed." Iowa Code § 901C.2(1)(*a*)(1) (2017).

In 2011, the defendant in this case was charged with several aggravated misdemeanors in a multicount trial information. At approximately the same time, he was separately charged by criminal complaint with a simple misdemeanor. Later, the defendant reached an agreement to plead guilty to a lesser included offense of one count of the trial information. All other charges, including the simple misdemeanor criminal complaint, were dismissed.

In 2016, following enactment of the expungement law, the defendant sought expungement of the record of the dismissed simple-misdemeanor complaint. The State resisted. Both the magistrate and the district court denied relief. They reasoned that the misdemeanor was factually related to the offense to which the defendant had pled guilty in the trial information, and thus, both comprised a single criminal "case" within the meaning of section 901C.2(1)(*a*)(1).

On our review, we disagree. Although both sides advance reasonable interpretations of the law, we believe the defendant's view that "criminal case" as used in section 901C.2 refers to a single numbered legal proceeding is more sound for a number of reasons. Among other things, the defendant's position is consistent with our prior interpretations of the term in other contexts; it is supported by the

legislative history; and it is easier to administer.  Accordingly, we reverse the district court's judgment denying expungement and remand for further proceedings.

## II.  Facts and Procedural Background.

On the afternoon of May 21, 2011, L. informed Oskaloosa police that John Doe[1] had been in a physical altercation with her and had threatened her.  L. also reported seeing a handgun in the center console of Doe's truck.  Doe left the scene before police arrived.  Based on a law enforcement bulletin, the Iowa State Patrol located Doe outside of his hometown of Ottumwa.  At that time, he had two semiautomatic handguns in his vehicle, as well as prescription drugs in the name of another person.

Doe was arrested.  Oskaloosa police filed criminal complaints on May 23 in Case No. AGIN****** accusing Doe of two counts of carrying weapons, one count of first-degree harassment, and two counts of unlawful possession of prescription drugs.  *See* Iowa Code §§ 155A.21, .23; *id.* § 708.7(2); *id.* § 724.4(1) (2011).  All of these are aggravated misdemeanors.  Additionally, a separate criminal complaint was filed in Case No. SMSM****** accusing Doe of domestic abuse assault, a simple misdemeanor.  *See id.* § 708.2A(2)(*a*).  The charges were split into two legal proceedings because the domestic abuse assault charge, as a simple misdemeanor, was not an indictable offense.

On May 31, a trial information was approved and filed in Case No. AGIN****** charging Doe with two counts of carrying weapons, one

---

[1]Although this appeal was litigated under the defendant's actual name, we have decided to refer to him as John Doe for purposes of this opinion in light of our ruling herein.

count of first-degree harassment, and two counts of unlawful possession of prescription drugs. Doe waived speedy trial.

Several months later, Doe moved to sever the carrying weapons and prescription drug charges from the remaining charge in AGIN******. Doe maintained the weapons and drug charges arose out of the stop by the Iowa State Patrol, a separate incident from the earlier confrontation with L. The district court granted severance of the prescription drug charges but deferred ruling on severance of the carrying weapons charges, making that "subject to further motion by the defendant."

On March 5, 2012, pursuant to a plea agreement, Doe pled guilty to third-degree harassment, a lesser included offense of first-degree harassment. As part of the plea agreement, the unlawful possession of prescription drug charges, one of the carrying weapons charges, and the domestic abuse assault charges were dismissed. The State also entered into a deferred prosecution agreement as to the other carrying weapons charge. That charge was later dismissed.

On August 22, 2016, Doe moved for expungement of the record in SMSM******, the simple misdemeanor proceeding in which he had previously been charged with domestic abuse assault. *See* Iowa Code § 901C.2 (2017). Doe maintained that this "case" had been dismissed and that the other statutory criteria for expungement had also been met. *See id.* The State resisted. On September 21, a magistrate judge denied Doe's motion. Doe appealed to the district court.

On November 8, the district court entered an order affirming the magistrate's denial of expungement. The court reasoned,

> The indictable misdemeanors were filed by trial information in AGIN****** per Iowa Rule of Criminal Procedure 2.5. The simple misdemeanor domestic abuse assault charged in SMSM****** was charged by complaint and affidavit as

required by Iowa Rule of Criminal Procedure 2.54. The simple misdemeanor could not have been added as a count in AGIN****** under the rules. This does not fail to make it part of the original "case." The lesser included harassment charge that the defendant pled guilty to and was convicted of in Count 2 of the trial information derives from the same set of circumstances as the charge in SMSM******, the May 21, 2011 threats and altercation at the storage facility in Mahaska County. They are part of the same case by definition. Therefore the requirement under Iowa Code Section 901C.1(2)(a)(1) that "**all** criminal charges were otherwise dismissed" has not been established by the defendant. The defendant is not eligible for expungement under Iowa Code.

Doe appealed to this court, and we retained the appeal.

### III.  Standard of Review.

"We review issues of statutory interpretation for correction of errors at law." *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014).

### IV.  Analysis.

This case requires us to construe a recently enacted statute, Iowa Code section 901C.2. *See* 2015 Iowa Acts ch. 83, § 1 (adopting this provision); 2016 Acts ch. 1073, §§ 183–84, 188 (making clarifying amendments). Section 901C.2 provides in relevant part:

901C.2. Not-guilty verdicts and criminal-charge dismissals— expungement

1. *a.* Except as provided in paragraph "*b*", upon application of a defendant or a prosecutor in a criminal case, or upon the court's own motion in a criminal case, the court shall enter an order expunging the record of such criminal case if the court finds that the defendant has established that all of the following have occurred, as applicable:

(1) The criminal case contains one or more criminal charges in which an acquittal was entered for all criminal charges, or in which all criminal charges were otherwise dismissed.

(2) All court costs, fees, and other financial obligations ordered by the court or assessed by the clerk of the district court have been paid.

(3) A minimum of one hundred eighty days have passed since entry of the judgment of acquittal or of the order dismissing the case relating to all criminal charges, unless the court finds good cause to waive this requirement for reasons including but not limited to the fact that the defendant was the victim of identity theft or mistaken identity.

(4) The case was not dismissed due to the defendant being found not guilty by reason of insanity.

(5) The defendant was not found incompetent to stand trial in the case.

*b.* The court shall not enter an order expunging the record of a criminal case under paragraph "*a*" unless all the parties in the case have had time to object on the grounds that one or more of the relevant conditions in paragraph "*a*" have not been established.

2. The record in a criminal case expunged under this section is a confidential record exempt from public access under section 22.7 but shall be made available by the clerk of the district court, upon request and without court order, to the defendant or to an agency or person granted access to the deferred judgment docket under section 907.4, subsection 2.

. . . .

7. This section shall apply to all relevant criminal cases that occurred prior to, on, or after January 1, 2016.

This statute was apparently enacted in response to our decision in *Judicial Branch v. Iowa District Court*, which held that existing Iowa laws did not require the removal of information relating to dismissed criminal cases from the courts' statewide computerized docket. *See Judicial Branch*, 800 N.W.2d 569, 571 (Iowa 2011).

Iowa Code section 901C.2 sets forth five prerequisites to expungement of a criminal record. *See* Iowa Code § 901C.2(1)(*a*)(1)–(5). No one disputes that four of the five have been met. The dispute centers on whether the requirement in section 901C.2(1)(*a*)(1) has been met.

The statute is not a model of precise drafting. It says that the record of a case shall be expunged only if "an acquittal was entered for all criminal charges, or . . . all criminal charges were otherwise dismissed." What if an acquittal was entered on some charges in a case and the remaining charges in that case were dismissed? Literally, that doesn't seem to meet the standard of section 901C.2(1)(*a*)(1). Yet everyone seems to agree expungement would be appropriate, assuming the other four criteria in section 901C.2(1)(*a*) were satisfied.

The fighting issue here is the meaning of "case" as used in Iowa Code section 901C.2. Is a case a particular numbered legal proceeding, as urged by Doe, or all the charges arising out of a single transaction or set of circumstances, as argued by the State?

This is a question of statutory interpretation. In interpreting a statute, we first consider the plain meaning of the relevant language, read in the context of the entire statute, to determine whether there is ambiguity. *State v. Nall*, 894 N.W.2d 514, 518 (Iowa 2017). If there is no ambiguity, we apply that plain meaning. *Id.*; *see also State v. Richardson*, 890 N.W.2d 609, 616 (Iowa 2017) ("If the language is unambiguous, our inquiry stops there."). Otherwise, we may resort to other tools of statutory interpretation. *Nall*, 894 N.W.2d at 518; *see also Richardson*, 890 N.W.2d at 618 ("Because [the section at issue] is ambiguous, we must employ additional tools of statutory interpretation to ascertain statutory meaning.").

We believe there is ambiguity here. "Case" has various meanings. *Black's Law Dictionary* defines "case" as "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity." *Case, Black's Law Dictionary* (10th ed. 2014). *Webster's* defines it as "a suit or action in law or equity." *Case, Merriam-Webster's Collegiate Dictionary* (11th ed.

2014). Applying the definition from *Black's*, one could readily conclude that SMSM****** is a separate legal "suit" or "proceeding," but part of a larger "controversy." "Action" is kind of a middle ground; substituting the word "action" for "case" doesn't seem to bring any clarity.

Doe points to two prior decisions in which we have equated "case" with a numbered legal proceeding. In *State v. Basinger*, we held that in a joint trial of multiple defendants, each convicted nonindigent defendant could be taxed a full jury fee and a full court reporter fee. *See Basinger*, 721 N.W.2d 783, 785–87 (Iowa 2006). We said that "costs are to be taxed by the case, that is, one fee for each case" and "each defendant here had a case file with a separate case number." *Id.* at 786. In *State v. McFarland*, decided the same day, we applied the rule we had just adopted in *Basinger*. *See McFarland*, 721 N.W.2d 793, 794 (Iowa 2006). The defendant had been convicted of multiple charges in three numbered legal proceedings. *Id.* at 793.[2] Based on what we termed "the one-fee-for-each-case rule," we concluded the clerk of district court properly taxed a court reporter fee "for each case." *Id.* at 794.

The State notes that we were interpreting a different Code provision in *Basinger* and *McFarland*—namely, Iowa Code section 625.8. That is true, but those decisions demonstrate that Doe's preferred definition of "case" is at least plausible, since we adopted the same definition ourselves in a different context. Indeed, the State concedes there is no "clear dictionary definition" and urges instead that we "search for a reasonable interpretation that best achieves the purpose of the

---

[2]The three numbered proceedings had been "combined for one proceeding." *See State v. McFarland*, No. 03–2034, 2005 WL 3477937, at *4 (Iowa Ct. App. Dec. 21, 2005).

statute." Effectively, the State concedes that the term "case" as used in section 901C.2 is ambiguous.

One rule of statutory construction, to which we have already alluded, is that "we read statutes as a whole." *Iowa Ins. Inst. v. Core Grp. of Iowa Ass'n for Justice*, 867 N.W.2d 58, 72 (Iowa 2015). According to Iowa Code section 901C.1, expungement contemplates *segregating* the record that is expunged. *See* Iowa Code § 901C.1 (stating that "unless the context otherwise requires, 'expunge' and 'expungement' mean the same as expunged in section 907.1" (emphasis omitted)); *id.* § 907.1 (defining "expunged" to mean a deferred judgment or "any other criminal record that has been segregated in a secure area or database which is exempted from public access"); *cf. Stoddard v. State*, 911 A.2d 1245, 1251 (Md. 2006) (noting that in Maryland, expungement may be accomplished by "removal to a separate secure area" *or* by "obliteration"). This tends to support the view that expungement in Iowa should go case-number-by-case-number, rather than charge-by-charge.

We may also consider the legislative history in interpreting an ambiguous statute. *See* Iowa Code § 4.6(3); *Abbas v. Iowa Ins. Div.*, 893 N.W.2d 879, 889–91 (Iowa 2017). As originally introduced in the Iowa Senate, the expungement legislation would have required that "(1) the defendant has not been charged with a crime in a related case"; and "(2) if the defendant was charged with a crime in one or more related cases, no charges are pending in a related case, the defendant has not been convicted of a crime in a related case, and the dismissal of the case was not part of a plea bargain." S.F. 385, 86th G.A., 1st Sess. (Iowa 2015) (introduced). A "related case" was in turn defined as "a separate criminal case that arises from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a

common scheme or plan that form the basis for a criminal case." *Id.* Hence, the original Senate version of what is now Iowa Code section 901C.2 would have prevented the outcome sought by Doe in this appeal.

Significantly, in this Senate version, "case" clearly meant *a distinct, numbered legal proceeding.* That is why the further concept of a "related case" was utilized.

In the House, some aspects of the legislation changed. The provisions dealing with related cases were removed, a 180-day waiting period and an opportunity to object were added, and the effective date was clarified. *See* House Amendment 1176 to S.F. 385, 86th G.A., 1st Sess. (Iowa 2015). Yet, the rest of the legislation remained essentially the same. There is no reason, therefore, to believe that the word "case" suddenly took on a different meaning. The logical conclusion, rather, is that the House intended to remove the bar on expungement of "related cases." That is, each separately numbered legal proceeding would be evaluated on its own, regardless of whether there had been a conviction in another, factually related legal proceeding.

Another rule of statutory construction is the presumption that "[a] just and reasonable result is intended." Iowa Code § 4.4(3); *see also Porter v. Harden*, 891 N.W.2d 420, 426, 427 (Iowa 2017) (applying this rule); *Iowa Ins. Inst.*, 867 N.W.2d at 75–76 (same). "Generally, we try to interpret statutes so they are reasonable and workable." *State v. Iowa Dist. Ct.*, 889 N.W.2d 467, 473 (Iowa 2017).

The State argues it would be arbitrary and unreasonable to treat the domestic abuse assault charge as a separate case just because it had to be filed and prosecuted separately. *See* Iowa Rs. Crim. P. 2.51–2.75 (setting forth the special procedures that apply to simple misdemeanors). The State emphasizes the dismissed domestic abuse assault charge was

factually related to the third-degree harassment charge to which Doe pled guilty: both arose out of the alleged altercation with L. The State also points out that the domestic abuse assault charge in SMSM****** was dismissed pursuant to a plea agreement in AGIN******, which "underscores the intertwined nature of the two charges."[3]

While the State's position makes some sense given the facts we have here, any interpretation of the word "case" must apply across the board. Under a factual-relatedness standard, practical problems come to mind immediately. Disputes will arise as to whether charges were factually related or not. The State maintains those disputes can be easily resolved by a judge (or, as here, a magistrate). Still, there will be contested litigation, often with only a minimal record as to what the dismissed charge was about (assuming dismissal rather than an acquittal after trial). A strict rule of "one case per case number," on the other hand, can be applied predictably, quickly, and in a ministerial way.

In Iowa, counts may be joined in a single trial information without meeting a factual-relatedness test. Indeed, rule 2.6(1) *requires* the State to join offenses in a single information if they are merely alleged to constitute "parts of a common scheme or plan." If some counts of an information are dismissed, will the defendant be able to ask for expungement of those counts on the ground they were not factually related to any counts on which a conviction was obtained? *See Stoddard*, 911 A.2d at 1247–48 (holding that when the defendant was charged in a single charging document with multiple burglaries at different apartments in a single apartment complex over a two-month

---

[3]Of course, charges that are part of the same plea bargain do not have to be factually related. Whether charges are factually related and whether they were part of the same plea bargain are two separate issues.

period, and pled guilty to one of those burglaries, the charges relating to the other burglaries should be expunged because they did not relate to "the same incident, transaction, or set of facts").[4] The State does not concede this point and therefore is being inconsistent. The inconsistency of the State's position is another reason not to adopt it. In any event, it may be unwieldy to expunge individual counts of a multicount criminal proceeding that is otherwise public.

Additionally, the State has not persuaded us that it would necessarily be unfair for the public to be deprived of information about a dismissed simple misdemeanor that was factually related to a charge on which a defendant was convicted. Simple misdemeanors are, by legislative determination, the least serious crimes, and a dismissed misdemeanor is one that was never proved.

In reality, fairness may cut the other way and may actually support a "one case per case number" rule. As we have already discussed, Iowa Code chapter 901C apparently came about in response to our decision in *Judicial Branch*, which noted that "one can learn of any person's past involvement with Iowa's court system by making a few mouse clicks and a few strokes at a keyboard." 800 N.W.2d at 578; *see* Iowa Code § 4.6(2) (stating that the court may also consider "[t]he circumstances under which the statute was enacted"). The floor debates on the bill show the concern over this issue, with legislators sharing stories of constituents unable to find jobs because prospective employers had found out about their dismissed cases via the internet. House Video on S.F. 385, 86th G.A., 1st Sess. (Apr. 14, 2015),

---

[4]The court rejected the argument that "a continuing scheme" was enough to tie the charges together for the purpose of avoiding expungement. *Stoddard*, 911 A.2d at 1255.

http://www.legis.state.ia.us/dashboard?view=video&chamber=H&clip=
1488&dt=2015-04-14&offset=1205&bill=SF%20385&status=r.

Thus, a driving concern behind chapter 901C was that a member of the general public—such as an employer doing an informal background check—could access our computerized docket and potentially draw inappropriate inferences from the mere presence of a criminal file relating to an individual, even though the criminal charges were dismissed or the individual was acquitted. This same member of the general public, though, would not likely be familiar with the ins and outs of the Iowa Rules of Criminal Procedure. Thus, if two separate case files show up in a records search, such as AGIN****** and SMSM******, this hypothetical member of the public might well conclude that the dismissed domestic abuse assault charge in SMSM****** related to a *different* incident, not the same incident as to which the defendant entered a guilty plea in AGIN******.

In other words, instead of being necessary to give the public the full picture of an alleged criminal incident that resulted in a conviction, disclosure of a separate numbered legal proceeding involving a simple misdemeanor could instead give the public the misimpression that the defendant was involved in *another* alleged criminal incident—a misimpression we presume the legislature wanted to avoid. If the public is likely to assume the existence of an additional alleged criminal incident whenever the public records show an additional criminal proceeding, then Doe's interpretation of the statute does a better job of avoiding undue stigma.

The State correctly notes that several other jurisdictions use a factual-relatedness test for expungement. In Ohio, "a trial court is precluded . . . from sealing the record of a dismissed charge if the

dismissed charge arises 'as a result of or in connection with the same act' that supports a conviction . . . , regardless of whether the dismissed charge and conviction are filed under separate case numbers." *State v. Pariag*, 998 N.E.2d 401, 403 (Ohio 2013). In Maryland, as noted, expungement depends on whether the individual charge arises out of "the same incident, transaction, or set of facts" as the charge on which a conviction was entered. *See Stoddard*, 911 A.2d at 1247. In New Hampshire, a defendant—who was indicted on two counts of assault for striking the same victim in the head with his fists twice in the same day —could not get annulment of the charge on which the State entered a nolle prosequi that was simply an "alternative theory to the assault charge that resulted in a conviction," even though separate docket numbers were assigned to the two charges, where both had been scheduled to be tried on the same date. *State v. Bobola*, 138 A.3d 519, 524–25 (N.H. 2016). In Tennessee, though, the supreme court held that expungement operated on a charge-by-charge basis rather than on the indictment as a whole. *State v. L.W.*, 350 S.W.3d 911, 917–18 (Tenn. 2011).

These decisions, however, turn on specific statutory language that typically differs from Iowa's. For example, "when a person is charged with two or more offenses as a result of or in connection with the same act," Ohio's statute disallows expungement of *any* of those charges until the person would be able to apply for expungement of *all* of them. *Pariag*, 998 N.E.2d at 404 (quoting Ohio Rev. Code Ann. § 2953.52(A)(1) (West 2013)). Likewise, under Maryland law, if a person is not entitled to expungement of one charge in a "unit," that person is not entitled to expungement of any charge in that "unit," and two or more charges are considered to be a unit if they "arise from the same incident, transaction,

or set of facts." *See Stoddard*, 911 A.2d at 1252 (quoting Md. Code Ann. Crim. Proc. § 10-107 (West 2001)). New Hampshire law, it is true, uses the term "case," N.H. Rev. Stat. Ann. § 651:5 (2017), but the *Bobola* court emphasized that the two assault charges that had been assigned separate docket numbers simply involved "the same conduct under an alternative theory of culpability," 138 A.3d at 525. Tennessee law also used the term "case" at the time, in that the statute stated, "A person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense or charge." *L.W.*, 350 S.W.3d at 917 (quoting Tenn. Code Ann. § 40–32–101(a)(1)(E) (Supp. 2010)). Nonetheless, the court equated "case" with "charge." *Id.* at 917–18.

For the foregoing reasons, we conclude that Doe was entitled to expungement of the record in SMSM******.

## V. Disposition.

We reverse and remand to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**