# IN THE COURT OF APPEALS OF IOWA

No. 17-2101
Filed June 6, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOHN DOE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Winnebago County, Karen Kaufman Salic, District Associate Judge.

      The defendant appeals the district court's denial of his second application to expunge the record of a criminal case. **REVERSED AND REMANDED.**

      Shaun A. Thompson of Newman Thompson & Gray P.C., Forest City, for appellant.

      Thomas J. Miller, Attorney General, and Katie M. Krickbaum, Assistant Attorney General, for appellee.

      Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

John Doe appeals the district court's denial of his second application to expunge the record of a criminal case. Doe maintains the court should have granted his second application because a recent decision by our supreme court, *State v. Doe*, 903 N.W.2d 347, 351 (Iowa 2017), establishes that the district court's denial of his first application was in error. The State responds that even if Doe was properly entitled to relief in his first application, claim preclusion prevents him from obtaining relief by filing a second application.

**I. Background Facts and Proceedings.**

On March 1, 2015, Doe was charged with operating while intoxicated (OWI), second offense, in case number OWCR******. On the same day, under a different case number, Doe was charged with domestic abuse assault (case number SMCR******).

On March 10, the State filed a motion to dismiss the OWI charge, stating "there is insufficient evidence to prove that defendant was operating a motor vehicle and/or that he was under the influence of alcohol and/or controlled substances while operating a motor vehicle." That same day, the district court dismissed the charge.

In April, the State asked the court to amend the charge of domestic abuse assault to a charge of simple assault. In support of the motion, the State said:

> [T]he victim in this matter is currently living with Defendant and would like to see this case resolved without going to trial. Further, the evidence in this case would support a finding that Defendant hit a cell phone out of the victim's hand, and a requirement for Defendant to complete the Batterers' Education Program for this incident is unnecessary.

Doe entered a guilty plea to the amended charge and was sentenced to a term of incarceration of fourteen hours.

Over a year later, in August 2016, Doe filed a petition to have the record of the OWI charge in case OWCR****** expunged. The district court denied the petition without a hearing, ruling, "A dismissal or acquittal did not enter for every criminal charge in the criminal case and therefore expungement is not permitted. Defendant was convicted in the related case of SMCR****** of assault."

Doe filed a motion asking the court to reconsider. In it, he claimed "SMCR****** is a different criminal case where [Doe] was charged under Iowa Rule of Criminal Procedure 2.54 based on a separate complaint and affidavit from this matter." The court denied Doe's motion, stating, "[T]he related simple misdemeanor charge is part of the same incident and therefore all of the criminal charges were not dismissed."

Doe did not appeal.

In October 2017, our supreme court decided *Doe*, in which the court interpreted the meaning of "criminal case," as used in Iowa Code section 901C.2 (2016)—the statute that controls the expungement of criminal charges. 903 N.W.2d at 351. The court concluded "criminal case" refers to a single numbered legal proceeding. *Id.* at 348–49. In contrast, a "criminal case" is not "all the charges arising out of a single transaction or set of circumstances." *Id.* at 349, 351.

In December 2017, Doe filed his second petition to expunge the record of the OWI charge in case OWCR******. As in his first petition, Doe asserted the State had indicated it would not object on the ground that one or more of the relevant conditions under section 901C.2(1)(a) had not been established. Without

the State filing a resistance to the petition, the district court denied Doe's second petition, stating:

> The Court finds that Defendant is not eligible to have this charge expunged. This was already addressed in an earlier denial of an identical motion. This was also already addressed in denial of Defendant's motion to reconsider the denial of the first motion to expunge. Defendant does not meet the statutory requirements necessary to be able to expunge this charge. Persistence cannot override the legal requirements for expungement.
> It is therefore ordered that the motion to expunge is denied again, and will continue to be denied unless the legislature amends the statute.

Doe filed a motion to reconsider, which the district court denied. The court ruled "that the cited case is factually distinct from this situation. In *Doe*, the dismissed charge was a simple misdemeanor and the conviction an indictable. The reverse situation exists here and based on the discussion in the ruling, the Court finds it inapplicable."

Doe appeals.

## II. Discussion.

The parties disagree as to what conclusions the district court reached in denying Doe's second petition for expungement. The State maintains the district court denied the petition on the basis of claim preclusion without considering the merits, while Doe claims the court ruled on the merits based on its understanding of *Doe*.

We do not believe the district court denied the petition based on the doctrine of claim preclusion. We understand the court's ruling to be a reiteration of its first ruling—that Doe does not meet the statutory requirements for expungement. Our reading of the ruling is informed by the fact that no party raised the issue of claim

preclusion, and it is not clear the district court has the power to raise the issue sua sponte. *See In re Marriage of Ginsberg*, 750 N.W.2d 520, 522 (Iowa 2008) ("We need not decide whether a court may raise claim preclusion sua sponte because we find the doctrine inapplicable in this case."). Additionally, the district court's ruling does not provide any indication that it considered the presence of the factors necessary to support a finding of claim preclusion. *See*, *e.g.*, *Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002).

Moreover, we will not sua sponte raise the issue of claim preclusion now on appeal. As noted above, it is not clear a court may do so. *See Ginsberg*, 750 N.W.2d at 522; *contra Sullins v. Iowa Dist. Ct.*, No. 16-0958, 2017 WL 5178987, at *4 n.5 (Iowa Ct. App. Nov. 8, 2017) (stating the court was "persuaded" a court can raise the issue of claim preclusion on its own but also noting that the issue had been raised before the district court in the present case). And neither party has asked us to do anything other than consider whether the district court's ruling was proper. We believe the more prudent alternative is to fall back on one of our foundational rules: "[I]ssues must be raised and decided by the trial court before they may be raised and decided on appeal." *Peters v. Burlington N. R.R. Co.*, 492 N.W.2d 399, 401 (Iowa 1992).

We now consider whether the district court erred in its determination that Doe did not meet the requirements under section 901C.2(1)(a) to have record OWCR****** expunged. In doing so, we note that the State has not—either before the district court or in its appellate brief—objected to or resisted Doe's petition for expungement. "We review issues of statutory interpretation for correction of errors at law." *Doe*, 903 N.W.2d at 350 (citation omitted).

Pursuant to section 901C.2(1)(a):

> [T]he court *shall* enter an order expunging the record of such criminal case if the court finds that the defendant has established that all of the following have occurred, as applicable:
>
> (1) The criminal case contains one or more criminal charges in which an acquittal was entered for all criminal charges, or in which all criminal charges were otherwise dismissed.
>
> (2) All court costs, fees, and other financial obligations ordered by the court or assessed by the clerk of the district court have been paid.
>
> (3) A minimum of one hundred eighty days have passed since the entry of the judgment of acquittal or of the order dismissing the case relating to all criminal charges, unless the court finds good cause to waive this requirement for reasons including but not limited to the fact that the defendant was the victim of identity theft or mistaken identity.
>
> (4) A case was not dismissed due to the defendant being found not guilty by reason of insanity.
>
> (5) The defendant was not found incompetent to stand trial in the case.

(Emphasis added.)

Here, the sole charge in OWCR****** was the OWI, which the State dismissed for "insufficient evidence." While Doe entered a guilty plea to an assault charge that stemmed from events occurring the same evening as the OWI charge, the two charges formed separately numbered legal proceedings. Thus, according to *Doe*, the charges were different cases for the purposes of expungement. 903 N.W.2d at 349. Although the district court found the ruling in *Doe* "inapplicable," we disagree. *Doe* states, in part:

> [T]he State has not persuaded us that it would necessarily be unfair for the public to be deprived of information about a dismissed simple misdemeanor that was factually related to a charge on which a defendant was convicted. Simple misdemeanors are, by legislative determination, the least serious crimes, and a dismissed misdemeanor is one that was never proved.

903 N.W.2d at 354.  But this does not limit the court's ruling regarding the meaning of "criminal case" as used in the statute to apply only to the factual situation where the court is asked to expunge information about a simple misdemeanor when a defendant has been convicted of a related indictable crime.  Such a limitation has no basis in the statute and would be untenable.

As to the second requirement, it does not appear there were any applicable "court costs, fees, and other financial obligations ordered by the court or assessed by the clerk of the district court" to be paid, as the court ordered the costs "assessed to the State" when it dismissed the underlying OWI charge.  Moreover, in his petition for expungement, which the State did not resist, Doe claimed all such fees had been paid.  As to the third requirement, Doe filed the petition to expunge the record more than a year after the court dismissed the OWI charge.  And finally, nothing in the record suggests the final two requirements are applicable.

Based on the foregoing, the district court erred in its determination that Doe failed to meet the requirements for expungement of record OWCR******.  And as Doe met the requirements, "the court shall enter an order expunging the record of such criminal case."  Iowa Code § 901C.2(1)(a).

We reverse the ruling of the district court and remand for further proceedings consistent with this opinion.  *See Doe*, 903 N.W.2d at 355.

**REVERSED AND REMANDED.**