# In the Iowa Supreme Court

No. 23–1662

Submitted January 21, 2025—Filed March 7, 2025

**J. Doe,**

Plaintiff,

vs.

**Iowa District Court for Polk County,**

Defendant,

Certiorari to the Iowa District Court for Polk County, Jeffrey Farrell, judge.

An individual seeks certiorari review of a district court order declining to expunge two parole violation reports. **Writ Annulled.**

Mansfield, J., delivered the opinion of the court, in which all justices joined.

Arianna Nalani Eddy of Iowa Legal Aid, Cedar Rapids, for plaintiff.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for defendant.

**Mansfield, Justice.**

### I. Introduction.

Sixty years ago, the Beatles released one of the finest rock albums ever made. *See* The Beatles, *Rubber Soul* (EMI 1965). Three of its songs were titled, "You Won't See Me," "Nowhere Man," and "I'm Looking Through You." Perhaps they didn't anticipate the internet.

In today's internet age, we are often more visible than we want to be. This certiorari action is brought by an individual who received two parole violation reports, one in late 2006 and the other in early 2007, based in whole or in part on an arrest for driving while barred. Each report was assigned a separate, new FECR case number that can be seen on Iowa Courts Online. However, the driving while barred charge was dismissed and expunged, and the individual contends that the parole violation reports should also be expunged pursuant to Iowa Code section 901C.2(1) (2023). The district court denied relief, and we granted a writ of certiorari to review the matter.

We conclude that relief is not available under section 901C.2(1). This part of the expungement statute applies to "criminal cases" that have been "dismissed." *Id.* § 901C.2(1)(*a*)(1), (7). The parole violation reports were administrative matters, not criminal cases, and they were not dismissed but rather routed to the administrative system of parole.

In the alternative, the individual asks that the two FECR (felony) case numbers be changed to avoid leaving the misimpression that he was charged with two separate felonies in late 2006 and early 2007. We acknowledge the irony in taking the position that expungement isn't available because the matters aren't criminal cases, while simultaneously declining to modify their criminal

case coding. Yet, we cannot find that the failure to modify those codes is illegal or otherwise a basis for certiorari relief.

## II. Facts and Procedural History.

**A. Parole Violation Report FECR*****7.** On December 12, 2006, J. Doe was arrested for allegedly driving while barred. At the time, Doe was on parole because of a prior conviction and sentence. The next day, Doe's parole officer filed a preliminary parole violation report with the district court seeking an arrest warrant based on the parole violation. On December 14, however, Doe's parole officer asked that the preliminary parole violation report be recalled and the arrest warrant be withdrawn. He explained that the matter had been disposed of "pursuant to Section 908.6." This matter was assigned a felony criminal case number, FECR*****7, consistent with the clerk's practice at the time.

**B. Parole Violation Report FECR*****8.** On January 10, 2007, Doe's parole officer filed another preliminary parole violation report with the district court and obtained another arrest warrant. This time, the report cited several items: (1) Doe's December 13 arrest for driving while barred,[1] (2) his failure to report the arrest within twenty-four hours, and (3) his failure to attend both a mandatory "Job Club" meeting and an employment-related appointment on December 21. Two days later, on January 12, the district court ordered that Doe be transported to prison for a "pending parole revocation hearing." This matter was also assigned a felony criminal case number, FECR*****8.

**C. Dismissal of the Driving While Barred Charge.** It is not disputed that any December 2006 charges of driving while barred against Doe were dismissed.

---

[1]We presume that this is the same arrest identified as a December 12 arrest in FECR*****7.

The aggravated misdemeanor file (AGCR*****) associated with that case has been expunged.

**D. Doe's Application to Expunge FECR*****7 and FECR*****8.** In 2023, Doe applied to the Polk County District Court to have FECR*****7 and FECR*****8 expunged. Doe argued that because the December 2006 charge of driving while barred had been expunged, the related parole violation reports should also be expunged. At a minimum, Doe asked for a "reclassification," or relabeling, so that these parole violation reports would no longer appear in Iowa Courts Online with felony criminal case file numbers.

The district court denied Doe's application for expungement. The court reasoned, "This matter is related to charges of a parole violation, which resulted from an administrative procedure within the executive branch, and therefore is not eligible for expungement under [Iowa Code] Chapter 901C." The court initially did not address Doe's reclassification request.

Doe filed a motion to enlarge and amend, elaborating on his prior arguments. *See* Iowa R. Civ. P. 1.904(2). The district court again refused to grant expungement, concluding that the "Defendant is not eligible to expunge district court decisions regarding parole violation matters."

The court also denied Doe's alternative request for relief, explaining that the FECR designation "has no independent meaning" and that it is "always necessary to review a file to determine what happened." The court noted that an "FECR case can be pled to a misdemeanor. An AGCR or SRCR case number can be tried as a felony if the prosecutor has grounds to increase the charge in the trial information." The court added that it had "consulted the clerk of court regarding this issue" and that there would be "burdens to defendant's request," which in any event involved a "cosmetic remedy."

**E. Doe's Petition for Writ of Certiorari.** Doe sought appellate review by petitioning this court for a writ of certiorari. We granted the petition and retained the case.

### III. Standard of Review.

This case is before us on an original certiorari action; therefore, we review the district court's ruling for correction of errors at law. *See Lozano Campuzano v. Iowa Dist. Ct.*, 940 N.W.2d 431, 434 (Iowa 2020). Also, "[w]e review issues of statutory interpretation for correction of errors at law." *State v. Doe*, 903 N.W.2d 347, 350 (Iowa 2017) (quoting *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014)).

### IV. Analysis.

**A. Is Doe Entitled to Expungement?** Doe argues that he is entitled to expungement of FECR*****7 and FECR*****8 under Iowa Code section 901C.2. That section requires expungement of a criminal case record when the following conditions are met:

> 1. *a.* Except as provided in paragraph "*b*", upon application of a defendant or a prosecutor in a criminal case, or upon the court's own motion in a criminal case, the court shall enter an order expunging the record of such criminal case if the court finds that the defendant has established that all of the following have occurred, as applicable:
>
> (1) The criminal case contains one or more criminal charges in which an acquittal was entered for all criminal charges, or in which all criminal charges were otherwise dismissed.
>
> (2) All court costs, fees, and other financial obligations ordered by the court or assessed by the clerk of the district court have been paid.
>
> (3) A minimum of one hundred eighty days have passed since entry of the judgment of acquittal or of the order dismissing the case relating to all criminal charges, unless the court finds good cause to waive this requirement for reasons including but not limited to the fact that the defendant was the victim of identity theft or mistaken identity.

(4) The case was not dismissed due to the defendant being found not guilty by reason of insanity.

(5) The defendant was not found incompetent to stand trial in the case.

*Id.* § 901C.2(1)(*a*). "Upon the defendant establishing each of the requisite conditions, expungement is mandatory." *Doe v. State*, 943 N.W.2d 608, 614 (Iowa 2020). The fighting issue here is whether the first condition has been met.

The district court concluded that parole revocation proceedings are not criminal cases and therefore are not eligible for expungement under 901C.2. Doe, on the other hand, argues that the parole violation reports *related to* a dismissed "criminal case"—specifically a driving while barred charge that wound up being dismissed. Doe further notes that the reports themselves were resolved administratively and that all associated district court proceedings ended in 2006 and 2007. Hence, Doe contends that "all criminal charges were otherwise dismissed" and that the first condition of section 901C.2(1) has been satisfied. We are not persuaded.

For one thing, the parole violation reports were not themselves criminal charges. They were a way to initiate *administrative* proceedings. A parole officer having probable cause to believe that a parolee has violated their parole may make a complaint before a magistrate and obtain an arrest warrant. Iowa Code § 908.1. After the alleged parole violator is arrested, they will be taken before a magistrate for an initial appearance. *Id.* § 908.2(1). The magistrate provides the parolee with written notice of the claimed violations, provides notice that a parole revocation hearing will take place, and advises them of their rights. *Id.* The magistrate may order the parolee to be confined in county jail or released on bail pending the revocation hearing. *Id.* § 908.2(2). Thereafter, the magistrate's role ends and proceedings are handled by an administrative parole judge. *Id.* § 908.4.

The administrative parole judge determines whether the alleged parole violation occurred and, if so, whether the violator's parole should be revoked. *Id.* If the administrative parole judge finds that parole was not violated, "the judge shall order that the parolee be released from custody and continued on parole." Iowa Admin. Code r. 205—11.7(10)(*b*). If the administrative parole judge decides that the parolee violated the terms of their parole, the judge may revoke parole and require the violator to serve the sentence originally imposed or may continue the parole with or without any modification of its conditions. Iowa Code § 908.5(1).

If the parole violator is dissatisfied with the administrative parole judge's decision, they may appeal it to the parole board. *Id.* § 908.6. After that, judicial review is available under Iowa Code section 17A.19. *See Frazee v. Iowa Bd. of Parole*, 248 N.W.2d 80, 82–83 (Iowa 1976). In short, "the [Parole] Board is an agency within [the Iowa Administrative Procedures Act], . . . the Board's parole revocation proceedings are contested case proceedings under the Act, . . . a parole revocation is agency action under the Act, [and] judicial review under the Act is appropriate for review of such proceedings." *Id.* at 83; *see also State v. Wright*, 202 N.W.2d 72, 76 (Iowa 1972) (en banc) ("[P]arole relates to executive or administrative action taken after the door has been closed on a convict . . . ." (citations omitted)).

Thus, parole revocation is entirely an administrative process. The only qualification is that a magistrate is involved at the beginning to issue an arrest warrant and to handle the parolee's initial appearance.

Doe argues that even if reports of parole violations are not in and of themselves criminal cases, FECR*****7 and FECR*****8 should nevertheless be expunged because they were predicated on a driving while barred charge that

was itself dismissed and later expunged. In his words: "[T]hese parole violation cases remain as an echo of now confidential cases that should no longer be in the public eye" and they should be expunged "to fully effectuate relief in those cases."

This argument misses the mark. The publicly available records for FECR*****7 and FECR*****8 on Iowa Courts Online do not reference Doe's December 2006 arrest for driving while barred; rather, they simply state that Doe was charged with "violation of parole." This is an echo of *the original charge* that Doe was convicted of, sent to prison for, and later placed on parole for. Doe does not contend that this original case was exonerated or expunged. So to the extent that Doe seeks expungement because the parole violation reports were part of a criminal case, they are more logically viewed as part of the preceding criminal case that resulted in Doe's incarceration and parole. That case hasn't been expunged.

Doe also points us to *State v. Doe*, 903 N.W.2d at 349, and Iowa R. Crim. P. 2.80(6). In *Doe,* the defendant was charged with several aggravated misdemeanors and a simple misdemeanor based on a single incident. 903 N.W.2d at 348–49. The charges were split into two separate legal proceedings— one for the aggravated misdemeanors and the other for the simple misdemeanor—because the simple misdemeanor was not an indictable offense. *Id.* at 349. Later, the defendant pleaded guilty to a lesser included offense of one of the aggravated misdemeanors and everything else was dismissed. *Id.* The defendant sought expungement of the dismissed simple misdemeanor file; the state countered that section 901C.2(1)(*a*)(1)'s requirements had not been met because "all" criminal charges had not been "otherwise dismissed." *Id.* at 349–50. The defendant had pleaded guilty to one charge and, in the state's view,

"case," as used in section 901C.2(1)(*a*)(1), referred to "all the charges arising out of a single transaction." *Id.* at 349–51.

We agreed with the defendant's position, concluding that expungement in Iowa was directed to particular case files or records and thus "should go case-number-by-case-number, rather than charge-by-charge." *Id.* at 352–53. Then, in 2021, this court adopted Iowa Rule of Criminal Procedure 2.80(6). This rule goes somewhat farther and provides that "otherwise dismissed," as used in section 901C.2(1), "includes a separately numbered case in which a case number becomes inactive because all charges have been transferred to another case number." *Id.*

Doe argues that both the *Doe* case and rule 2.80(6) reflect a public policy concern that extra criminal files displayed on Iowa Courts Online could lead to an incorrect inference that the individual was involved in additional criminal matters. As we explained in *Doe,* disclosure of a separate numbered legal proceeding could give the public

> the misimpression that the defendant was involved in *another* alleged criminal incident—a misimpression we presume the legislature wanted to avoid. If the public is likely to assume the existence of an additional alleged criminal incident whenever the public records show an additional criminal proceeding, then Doe's interpretation of the statute does a better job of avoiding undue stigma.

*Doe*, 903 N.W.2d at 354.

Doe argues that expungement of FECR*****7 and FECR*****8 would further the same policy. That is, it would help avoid the misimpression that he was involved in two additional criminal cases when, in fact, the driving while barred charge was dismissed.

The problem with Doe's position is that policy cannot overcome statutory text. Section 901C.2(1) only applies to criminal cases, and as we have discussed,

the parole violation reports were not criminal cases. Further, to the extent these reports were tied to a criminal case, it was the prior criminal case that wasn't dismissed.

For the foregoing reasons, we conclude that Doe is not entitled to expungement of FECR*****7 and FECR*****8.

**B. Is Doe Entitled to a Change of Case Numbers?** Doe asks in the alternative that we order that FECR*****7 and FECR*****8 be "reclassified" and given civil case numbers or at least nonfelony case numbers.

We are not unsympathetic to Doe's concerns. If the parole violation reports are not criminal cases, then consistency and fairness indicate that they shouldn't look like criminal cases on Iowa Courts Online.

Apparently, in 2006 and 2007, the policy of the Polk County District Court clerk's office was to assign FECR numbers when parole violation reports were filed. In April 2015, an "AMCR" code—standing for "administrative criminal case"—began to be used. Nat'l Ctr. for State Cts., *Iowa Court Clerk and Court Support Staff Workload Assessment Study, 2016*, at 5 n.15, 24 (2017), https://ncsc.contentdm.oclc.org/digital/api/collection/ctadmin/id/2422/download [https://perma.cc/5ZAA-Z92Z]. Currently, according to Doe, AMCR numbers continue to be assigned to parole violation reports.

We do not agree with the district court that Doe's fears about FECR codes are overstated because the matter is purely "cosmetic." By that logic, expungement under section 901C.2(1) is also cosmetic because it doesn't alter an individual's actual criminal history. Yet, the theory behind the expungement statute is that appearances matter. Prospective employers, landlords, and the like—or the artificial intelligence programs they are using—may not be willing to drill down to the true facts. Just as an individual may be unfairly penalized

because a dismissed felony case against them appears as an FECR entry on Iowa Courts Online, that same individual may be penalized because a parole violation report based on a charge that was later dismissed appears as a separate and distinct FECR entry. *See Doe*, 903 N.W.2d at 354 (presuming that the legislature wished to avoid the misimpression that a person had been involved in an additional incident of criminal conduct just because Iowa Courts Online showed an additional criminal case number).

Having said this, we agree with the State that certiorari relief is not available. "A writ of certiorari lies when a district court exceeds its jurisdiction or otherwise acts illegally." *State v. Iowa Dist. Ct.*, 989 N.W.2d 652, 654 (Iowa 2023); *see also* Iowa R. Civ. P. 1.1401. We cannot say that the district court acted illegally or exceeded its jurisdiction when it declined to order a reclassification of FECR*****7 and FECR*****8 to something other than "FECR." Doe has not cited a statute, rule, or order that requires such reclassification.

**V. Conclusion.**

For the foregoing reasons, we annul the writ.

**Writ Annulled.**