# In the Iowa Supreme Court

No. 24–0453

Submitted October 7, 2025—Filed November 7, 2025

**J. Doe,**

Plaintiff,

vs.

**Iowa District Court for Polk County,**

Defendant.

Certiorari to the Iowa District Court for Polk County, Jesse Ramirez, judge.

The plaintiff petitions the district court's denial of a motion to implement an expungement. **Writ Sustained and Case Remanded.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Arianna Nalani Eddy (argued) of Iowa Legal Aid, Cedar Rapids, and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for plaintiff.

Brenna Bird, Attorney General, and Martha E. Trout (argued), Assistant Attorney General, for defendant.

**McDonald, Justice.**

A defendant convicted of a misdemeanor offense is entitled to the expungement of the "record" of the "criminal case" in which the misdemeanor conviction was entered if certain prerequisites are met. Iowa Code § 901C.3(1) (2023); *see also* Iowa R. Crim. P. 2.84. The question presented in this appeal is how the defendant's statutory entitlement to expungement is to be applied when the criminal case contains both a misdemeanor conviction and a dismissed charge—does the statute require expungement and redaction of only those parts of the criminal case relating to or revealing information about the misdemeanor conviction, or does the statute require expungement of the criminal case file, including those parts relating to the dismissed charge? For the reasons explained below, we hold the statute mandates expungement of the criminal case file.

I.

In 2013, Doe was charged by trial information in a criminal case with one count of domestic abuse assault, in violation of Iowa Code section 708.2A(2)(*c*) (2013), and one count of child endangerment, in violation of Iowa Code section 726.6. Pursuant to a plea agreement, the State amended the domestic abuse assault charge to disorderly conduct, in violation of Iowa Code section 723.4, a simple misdemeanor, and Doe pleaded guilty to the same. As part of the plea agreement, the State dismissed the child endangerment charge.

Ten years later, in August 2023, Doe petitioned for expungement of his misdemeanor conviction pursuant to Iowa Code section 901C.3 (2023). The district court granted expungement "as to count I only," which was the disorderly conduct conviction. In accord with the district court's order, the clerk restricted access to and redacted certain filings in the criminal case relevant to the misdemeanor conviction but left the remainder of the criminal case accessible to

the public. The district court did not provide the clerk with any direction regarding which documents should be restricted and what redactions should be made to unrestricted documents.

When Doe realized that the criminal case was still accessible to the public, Doe filed a motion for implementation of expungement pursuant to Iowa Rule of Criminal Procedure 2.84(4). In the motion, Doe argued that the clerk incorrectly treated this as a "mixed file" expungement, meaning that the clerk expunged and redacted only parts of the criminal case but left other parts of the criminal case accessible to the public. In Doe's view, the public was still able to access filings in the criminal case that indirectly revealed information about the misdemeanor offense. Doe noted, for example, that the disposition screen for the criminal case listed "the dismissed count as 'Count 2,' leading to the inescapable conclusion that there [was] at least one other count that is not public record because it was expunged." In Doe's view, the statute required whole-file expungement rather than mixed-file expungement.

The district court disagreed. The district court dismissed Doe's motion without a hearing. In a short order, the district court concluded: "This case [(referring to dismissed *count* II)] is not eligible for expungement under 901C.3 as there was no misdemeanor conviction." It appears the district court construed section 901C.3 to allow expungement and redaction of only those filings within the criminal case related to the misdemeanor conviction without any application to the remainder of the criminal case file.

Doe filed a petition for a writ of certiorari with this court, which we granted. We will sustain a writ of certiorari when the district court has exceeded its jurisdiction or otherwise acted illegally. *Christensen v. Iowa Dist. Ct.*, 21 N.W.3d

529, 531 (Iowa 2025). In this context, a district court acts illegally when it misinterprets or misapplies the governing statute. *See id.* at 532.

## II.

This case presents a question of statutory interpretation and construction. We begin our review of the legality of the district court's ruling with the text of the statute at issue. *See Doe v. State* (*Doe 2020*), 943 N.W.2d 608, 610 (Iowa 2020). We seek to determine the "ordinary and fair meaning of the statutory language at issue." *Id.* In making that determination, we consider "the language's relationship to other provisions of the same statute and other provisions of related statutes." *Id.*; *see also* Iowa Code § 4.1(38) ("Words and phrases shall be construed according to the context and the approved usage of the language . . . ."); *State v. Doe* (*Doe 2017*), 903 N.W.2d 347, 351 (Iowa 2017) (stating we consider the "relevant language, read in the context of the entire statute").

The statute mandates the district court expunge "the record" of "a criminal case" upon application of a defendant convicted of a misdemeanor offense if the defendant has satisfied certain requirements. Iowa Code § 901C.3(1). The statute provides:

> Upon application of a defendant convicted of a misdemeanor offense in the county where the conviction occurred, the court *shall enter an order expunging the record of such a criminal case*, as a matter of law, if the defendant has proven all of the following:
>
>     *a.* More than eight years have passed since the date of the conviction.
>
>     *b.* The defendant has no pending criminal charges.
>
>     *c.* The defendant has not previously been granted two deferred judgments.
>
>     *d.* The defendant has paid all court costs, fees, fines, restitution, and any other financial obligations ordered by the court or assessed by the clerk of the district court.

*Id.* (emphasis added). The statute also provides a list of misdemeanor convictions not eligible for expungement. *Id.* § 901C.3(2).

All of the prerequisites to expungement are satisfied here, and none of the exclusions are applicable here. The only question presented is what constitutes "a criminal case" within the meaning of the statute. In answering that question, we do not write on a blank slate. We addressed a similar question in *Doe 2017*. 903 N.W.2d at 351. *Doe 2017* involved the meaning of the term "criminal case" as used in section 901C.2, which provides for the expungement of a criminal case where all charges in the case were disposed of by acquittal or dismissal. *Id.* at 348; *see also* Iowa Code § 901C.2(1)(*a*)(1). The defendant in *Doe 2017* was charged with several counts in one criminal case (case one) and a single count of domestic abuse assault in a separately numbered criminal case (case two), all arising out of the same events. 903 N.W.2d at 349. Pursuant to a plea agreement, the defendant pleaded guilty to harassment charges in case one, and the state dismissed the domestic abuse assault charge in case two. *Id.* Doe later sought expungement of case two pursuant to section 901C.2. *Id.* The district court reasoned that all the charges in the criminal case had not been dismissed. *Id.* at 349–50. The district court concluded that case one and case two were one criminal case because they arose from the same events. *Id.* This court reversed. *Id.* at 349. We acknowledged the term "criminal case" was ambiguous. *Id.* at 351. Applying traditional tools of statutory interpretation and construction, we concluded that a criminal case was a "separately numbered legal proceeding." *Id.* at 351–53. Expungement of a criminal case applied "case-number-by-case-number, rather than charge-by-charge." *Id.* at 352. Because the only charge in case two had been dismissed, that criminal case should have been expunged. *Id.* at 352–53.

As we acknowledged in *Doe 2017*, the term "criminal case" is ambiguous. Doe and the State agree. When statutory text is ambiguous, we must resort to other tools of statutory interpretation and construction to determine the meaning and application of the statute. *See id.* at 351; *see also* Iowa Code § 4.6 (listing several additional tools we may consider in construing ambiguous statutes). Employing these additional tools, several considerations lead us to conclude that criminal case expungements under section 901C.3, like criminal case expungements under section 901C.2, must be implemented on a whole-file basis.

Section 901C.3 was added to the Code two years after our decision in *Doe 2017*. *See* 2019 Iowa Acts ch. 140, § 2 (codified at Iowa Code § 901C.3 (2020)). We assume the legislature accepted our interpretation of the term "criminal case" in section 901C.2 and our construction of the statute when it chose to include nearly identical language in section 901C.3. *See Ackelson v. Manley Toy Direct, L.L.C.*, 832 N.W.2d 678, 688 (Iowa 2013) ("[W]e presume the legislature is aware of our cases that interpret its statutes."); *Kragnes v. City of Des Moines*, 714 N.W.2d 632, 640 (Iowa 2006) ("Unless there is clear evidence to the contrary, we assume that when the legislature enacts a law, it is aware of the existing state of the law and our prior interpretations of similar statutory provisions."). *Compare* Iowa Code § 901C.2(1)(*a*) ("[T]he court shall enter an order expunging the record of such criminal case . . . ."), *with id.* § 901C.3(1) ("[T]he court shall enter an order expunging the record of such a criminal case . . . .").

The inference the legislature approved of our prior interpretation and construction of the term "criminal case" is compelling here because the legislature has proven it knows how to authorize count-by-count expungement when it intends to do so. For example, in cases involving the expungement of

deferred judgments, Iowa Code section 907.9(4)(*b*) distinctly directs the expungement of specific "counts" and "charges." That specific direction related to counts and charges stands in stark contrast to the legislature's direction in chapter 901C to expunge the record of the "criminal case." *Id.* §§ 901C.2, .3.

Additional textual considerations support the conclusion that section 901C.3 requires whole-file expungement. Iowa Code section 901C.1 provides that the terms "expunge" and "expungement" "mean the same as expunged in section 907.1." Iowa Code section 907.1(3), in turn, provides that to expunge a file means "the court's criminal record . . . has been segregated in a secure area or database which is exempted from public access." Iowa code section 901C.3(4) further provides that an "expunged record under this section is a confidential record exempt from public access under section 22.7." A criminal case that is only partially concealed or redacted but otherwise remains accessible to the public is not segregated or exempt from public access within the meaning of the statute.

Administrative concerns also lead us to conclude that section 901C.3 should be administered on a whole-file basis. *See Doe 2017*, 903 N.W.2d at 353 ("Generally, we try to interpret statutes so they are reasonable and workable." (quoting *State v. Iowa Dist. Ct.*, 889 N.W.2d 467, 473 (Iowa 2017))); *Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 317 (Iowa 2013) ("Among the most venerable of the canons of statutory construction is the one stating that a statute should be given a sensible, practical, workable, and logical construction." (quoting *Walthart v. Bd. of Dirs. of Edgewood–Colesburg Cmty. Sch. Dist.*, 667 N.W.2d 873, 877–78 (Iowa 2003))). We explained in *Doe 2017* that expungement is more easily administrable when performed on a whole-file basis. 903 N.W.2d at 353. "A strict rule of 'one case per case number,'" could be applied "across the board" and

could be implemented "predictably, quickly, and in a ministerial way." *Id.* In contrast, to implement the State's proposed "mixed file" regime requires a clerk of court to review an entire criminal case line by line to segregate filings and further redact any information from nonsegregated filings that directly or indirectly reveals information about the expunged misdemeanor.

The State argues it would be absurd to apply section 901C.3 to an entire criminal case because that approach would allow the expungement of felony and nonexpungable misdemeanor convictions in the same criminal case with the expungable misdemeanor conviction. We disagree. When a felony or other nonexpungable conviction is present in the same criminal case, the whole-case approach dictates that the entire criminal case is ineligible for expungement under section 901C.3. That result is required because felony convictions and nonexpungable misdemeanor convictions preclude expungement of the criminal case file. In contrast, expungement of a dismissed charge is statutorily authorized by itself. *See* Iowa Code § 901C.2. Doe concedes this to be a correct construction of the statute.

Finally, we note that the whole-file approach—allowing expungement of a criminal case containing a misdemeanor conviction and dismissed charges but disallowing expungement of the criminal case where one of the convictions is not expungable—is consistent with the purpose of the statute. We have said that chapter 901C provides defendants with an opportunity to eliminate the stigma associated with criminal charges not resulting in convictions and certain minor misdemeanor convictions:

> "[A] driving concern behind chapter 901C was that a member of the general public—such as an employer doing an informal background check—could access our computerized docket and potentially draw inappropriate inferences from the mere presence of a criminal file relating to an individual, even though the criminal charges were

> dismissed or the individual was acquitted." To avoid these inappropriate inferences and other "stigma," the statute was enacted to facilitate the expungement of the record in criminal cases . . . .

*Doe 2020*, 943 N.W.2d at 613 (alteration in original) (citation omitted) (quoting *Doe 2017*, 903 N.W.2d at 354). When a case involves an expungable misdemeanor and a dismissed count, allowing the public to access a mixed file still allows the public to draw inappropriate inferences and stigma, whereas expungement of the criminal case eliminates that risk without depriving the public of valuable information. *See Doe 2017*, 903 N.W.2d at 354 ("[T]he State has not persuaded us that it would necessarily be unfair for the public to be deprived of information about a dismissed simple misdemeanor . . . ."). Conversely, when an expungable misdemeanor is paired with a nonexpungable conviction, denying expungement does not hinder the purpose of the statute. Since the nonexpungable conviction is a matter of legitimate public interest and cannot be concealed, there would be minimal stigma, if any, imposed by leaving the related misdemeanor conviction visible next to the more serious nonexpungable conviction.

## III.

We conclude the district court erred in denying Doe's motion to implement expungement of his case. We sustain the writ and vacate the order of the district court. We remand this matter for further proceedings consistent with this opinion.

**Writ Sustained and Case Remanded.**