# IN THE SUPREME COURT OF IOWA

No. 14–1799

Filed April 22, 2016

Amended June 24, 2016

**STATE OF IOWA,**

 Appellee,

vs.

**SOJI ITUNU OLUTUNDE,**

 Appellant.

---

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

Defendant charged with dependent adult abuse seeks reversal of an order allowing the State to unseal information about a founded complaint more than ten years old previously sealed under Iowa Code section 235B.9. **DISTRICT COURT RULING REVERSED; CASE REMANDED.**

Davis L. Foster, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Janet M. Lyness, County Attorney, and Rachel Zimmermann, Assistant County Attorney, for appellee.

**WATERMAN, Justice.**

This appeal presents questions of first impression concerning access to records of dependent adult abuse sealed under Iowa Code section 235B.9 (2013) and the use of such information in a criminal prosecution. The defendant, while employed at a home caring for dependent adults, allegedly punched a disabled client and was charged with dependent adult abuse in violation of section 235B.20(7). The State and the defendant filed motions in limine as to the admissibility of evidence of his prior violent acts or findings of dependent adult abuse. The State also filed a motion to unseal founded dependent adult abuse reports more than ten years old. The district court granted the State's motions to unseal the records and ruled the information potentially could be used at trial to impeach the defendant or his character witnesses. We granted the defendant's application for discretionary review.

For the reasons explained below, we hold the district court erred by unsealing the record of a founded report of dependent adult abuse by this defendant more than ten years earlier. We decline to issue an advisory opinion on the scope of permissible impeachment at trial. We reverse the ruling of the district court that unsealed the records under section 235B.9 and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

On January 21, 2014, Soji Olutunde, age fifty-one, was working as a caretaker for Systems Unlimited, a company that provides long-term care for dependent adults at a group home in Iowa City. Olutunde walked into the kitchen and saw a disabled adult resident, who requires twenty-four-hour supervision, washing a water pitcher in the sink. What happened next is disputed. Two other employees told police they saw

Olutunde approach the victim, yell at him, and strike him in the groin with a closed fist. The victim hunched over and asked Olutunde "why he did that." Olutunde denied those allegations in his police interview. According to Olutunde, the disabled client was about to drink soapy water from the pitcher. Olutunde clapped his hands and shouted to stop him but did not strike him. The alleged victim had no bruising or sign of injury.

On March 21, the State charged Olutunde with dependent adult abuse in violation of Iowa Code section 235B.20(7). During pretrial discovery, Olutunde listed nine character witnesses. On September 19, the State filed a motion in limine to "inform the Defendant and the Court of its intention to introduce certain evidence for rebuttal or cross examination purposes." The State had learned through its investigation that Olutunde had a previous founded report for dependent adult abuse. The report was over ten years old and had been sealed pursuant to Iowa Code section 235B.9.[1] The State alleged that the defendant had denied being the subject of a prior investigation for dependent adult abuse on his job application. Defense counsel argued Olutunde was unaware that he had previously been under investigation.

The State filed a motion to unseal records on October 24. The State argued the records could be opened to authorized access upon a showing of good cause. The State argued that "[g]ood cause is shown here in that the State would be prejudiced if access to such records is not granted for a determination of their admissibility at trial." Olutunde

---

[1]The record does not show how the State determined there was a sealed dependent adult abuse report about Olutunde.

resisted, claiming that chapter 235B does not provide for opening sealed dependent adult abuse records.

The district court granted the State's motion to unseal records on October 27. The district court emphasized that the State was seeking the reports to use on cross-examination of the defendant and his character witnesses. The district court explained,

> It would not be fair to the State to allow a defendant to claim, either directly or through witnesses, that he had never been involved in a [dependent] adult abuse investigation when, in fact, a founded report had been filed, simply because the report is now under seal. In that case, the existence of the report and its findings would be fair game for cross-examination.

The court ordered the Iowa Department of Inspections and Appeals to unseal any founded dependent adult abuse reports regarding Olutunde within seventy-two hours. The court "specifically [found] that the information contained in this report [was] necessary for the resolution of an issue arising in a criminal case involving dependent adult abuse."

On October 30, the district court ruled on motions in limine. The court conditionally granted the State's motion in limine to allow the State to use the existence of the report during cross-examination of Olutunde or his character witnesses if relevant for impeachment. The court held that if Olutunde or his witnesses opened the door, the contents of the founded report could be admissible as an exhibit.

Olutunde applied for discretionary review and requested a stay in proceedings pursuant to Iowa Code section 814.6. We granted Olutunde's application on October 31.

## II. Standard of Review.

"We review rulings on questions of statutory interpretation for correction of errors at law." *In re R.D.,* 876 N.W.2d 786, 791 (Iowa 2016).

"We review the district court's evidentiary rulings for abuse of discretion." *State v. Neiderbach,* 837 N.W.2d 180, 190 (Iowa 2013).

**III. Analysis.**

We must decide whether the district court had the authority to unseal dependent adult abuse registry records to allow the State to use the information for cross-examining Olutunde or his character witnesses. Olutunde argues the legislature has mandated that sealed dependent adult abuse records must remain sealed:

> Dependent adult abuse information which is determined by a preponderance of the evidence to be founded, shall be sealed ten years after the receipt of the initial report of such abuse by the registry unless good cause is shown why the information should remain open to authorized access.

Iowa Code § 235B.9(1). The State argues this provision "does not prohibit the district court from ordering a founded dependent adult abuse report unsealed." It is undisputed that the prior founded abuse report involving Olutunde was sealed and involved conduct reported ten or more years prior. We conclude that Olutunde's prior founded report must remain sealed.

**A. Whether the District Court Could Unseal Olutunde's Dependent Adult Abuse Record.** We begin with an overview of chapter 235B, which is entitled "Dependent Adult Abuse Services—Information Registry." Section 235B.5 creates a central registry for dependent adult abuse information. *Id.* § 235B.5. The purposes of this central registry

> are to facilitate the identification of victims or potential victims of dependent adult abuse by making available a single, statewide source of dependent adult abuse data; to facilitate research on dependent adult abuse by making available a single, statewide source of dependent adult abuse data; and to provide maximum safeguards against the unwarranted invasions of privacy which such a registry might otherwise entail.

*Id.* § 235B.4. The legislature emphasized the importance of protecting privacy, stating, "The general assembly . . . finds that vigorous protection of rights of individual privacy is an indispensable element of a fair and effective system of collecting, maintaining, and disseminating dependent adult abuse information." *Id.* § 235B.4.

The legislature strictly circumscribes who may access the central registry. Dependent adult abuse information is confidential and is only open to authorized users. *Id.* § 235B.6. Iowa Code section 235B.6(2) lists who has authorized access to founded dependent adult abuse information. That list includes persons named in the report as victims or alleged abusers and their representatives, persons who investigate dependent adult abuse, licensed caregivers and administrators, registry or department personnel, the department of inspections and appeals, and the court. *See id.* § 235B.6(2).

The statute also strictly limits the use of registry information. *See id.* § 235B.8(1). Any dissemination must be memorialized in writing. *Id.* § 235B.8(1)(*c*). An authorized user is subject to civil and criminal penalties for wrongfully disseminating the registry information. *Id.* § 235B.11 (providing a civil remedy and mandating a minimum award of $500); *id.* § 235B.12 (providing criminal penalties).

Founded dependent adult abuse information in the registry generally must be sealed ten years after receipt of the initial report. *Id.* § 235B.9(1). Two circumstances extend the period that the information may remain unsealed. First, a founded report will not be sealed after ten years if "good cause is shown why the information should remain open to authorized access." *Id.* Second, subsequent reports *within* the ten-year period may delay sealing the first report:

> If a subsequent report of founded dependent adult abuse involving the adult named in the initial report as the victim of abuse or a person named in such report as having abused an adult is received by the registry within the ten-year period, the information shall be sealed ten years after the receipt of the subsequent report unless good cause is shown why the information should remain open to authorized access.

*Id.* Neither circumstance is presented in this case. The State concedes Olutunde's prior founded report was made over ten years ago and was already sealed before he was charged in this pending case.

Section 235B.9 does not provide for "expungement" of *founded* reports of dependent adult abuse. Other types of reports under this Code section, however, are expunged after three or five years:

> 2. *a.* Dependent adult abuse reports that are rejected for evaluation, assessment, or disposition for failure to meet the definition of dependent adult abuse shall be expunged three years from the rejection date.
>
> *b.* Dependent adult abuse information which is determined by a preponderance of the evidence to be unfounded shall be expunged five years from the date it is determined to be unfounded.

*Id.* § 235B.9(2). The State contends that the legislative choice not to expunge founded reports means those records may be unsealed for good cause. We disagree based on the plain meaning of the operative statutory language.

The State relies on the "good cause" provision of Iowa Code section 235B.9(1). That provision by its terms does not apply once records of a founded report have been sealed. *See id.* § 235B.9(1) (permitting the records to "remain open to authorized access" for good cause). Without a second report or showing of good cause within ten years of the initial report, the sealing is automatic and mandatory. *Id.* (stating founded reports "shall be sealed ten years after the receipt of the initial report"); *see also id.* § 4.1(30)(*a*) ("The word '*shall*' imposes a duty."). We decline

to rewrite section 235B.9(1) to extend the good-cause exception to records already sealed. *See Nichols v. United States*, ___ U.S. ___, ___, 136 S. Ct. 1113, 1118, ___ L. Ed. 2d ___, ___ (2016) (applying plain meaning of federal sex offender registry statute and declining "the Government's invitation to add an extra clause"); *In re Estate of Whalen*, 827 N.W.2d 184, 194 (Iowa 2013) ("[W]e may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction." (quoting *In re Estate of Bockwoldt*, 814 N.W.2d 215, 223 (Iowa 2012))).

In other statutes, our legislature has expressly provided that records under seal may be unsealed by court order. *See, e.g.*, Iowa Code § 21.5(4) (providing process to determine whether the detailed minutes and audio recording of a closed session should be unsealed by the court); *id.* § 229A.15 (requiring certain court records to "be sealed and opened only on order of the court"); *id.* § 901.4 (providing that presentence investigation reports "shall be sealed and opened only on order of the court"); Iowa R. Civ. P. 1.504(1)(a)(6) (providing that protective orders may "be opened only by order of the court"); *cf.* Iowa Ct. R. 8.32(1) (providing records for judicial waiver of parental notification of abortion records "shall be kept sealed and opened only as necessary for the conduct of proceedings for waiver of parental notification, an appeal of the district court decision, or as ordered by a court"). By contrast, section 235B.9(1) lacks such a provision for unsealing reports of founded complaints after such records have been sealed ten years after receipt. If the legislature had intended to allow the court to unseal such records, it presumably would have said so. It did not. We assume the omission of such a provision was intentional. *See Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 194 (Iowa 2011) (concluding that selective

placement of phrase in one subsection but not another meant the phrase did not apply where it was omitted).  The State fails to cite any decision allowing an Iowa court to disclose information from records sealed under a statute that lacks a provision expressly permitting such disclosure.  *Cf. In re R.D.*, 876 N.W.2d at 791 (declining to hold that "good cause" permits the court to disclose to an adoptee the identity of her biological parents in sealed adoption records under Iowa Code section 600.16A(2)(*d*)).

The State's interpretation would undermine the privacy protections mandated by the legislature.  We prefer an interpretation that "best effectuate[s] the purpose of the statute."  *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 189 (Iowa 2013) (quoting *State v. Walker*, 804 N.W.2d 284, 290 (Iowa 2011)).  Our cases interpreting record-sealing statutes have relied on the legislature's stated purposes.  *See In re R.D.*, 876 N.W.2d at 791; *In re Adoption of S.J.D.*, 641 N.W.2d 794, 800 (Iowa 2002).  The legislature directed us to interpret chapter 235B "to provide maximum safeguards against the unwarranted invasions of privacy."  Iowa Code § 235B.4.  Our interpretation furthers that purpose.

The legislative history of chapter 235B reinforces our conclusion that the legislature did not intend the district court open sealed records regarding founded dependent adult abuse.  *See Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 807 (Iowa 2016) (considering legislative history in statutory construction).  The dependent adult abuse registry was originally a subsection of the child abuse registry.  *See* Iowa Code § 235B.1(4)(*a*) (1985) ("The department shall . . . expand[] the central registry for child abuse to include reports of dependent adult abuse.").  The legislature used the child abuse

registry as a model when it created a separate registry for dependent adult abuse. S.F. 455, 74th G.A., 1st Sess., Background Statement (Iowa 1991) ("Child abuse legislation was used as a model for dependent adult abuse legislation and the central registry for child abuse was expanded to include dependent adult abuse reports."). The organization of the two registries remains parallel. *Compare* Iowa Code § 235A.14 (2013) (creating the child abuse registry), *with id.* § 235B.5 (creating the dependent adult abuse registry). The child abuse registry's provisions for sealing founded child abuse reports are nearly identical to the provisions in the dependent adult abuse registry statute for sealing founded reports. *Compare id.* § 235A.18(1)(*a*) (sealing child abuse registry report and disposition data), *with id.* § 235B.9(1) (sealing founded dependent adult abuse information).

Like dependent adult abuse information, the child abuse report and disposition data are "sealed ten years after the initial placement of the data in the registry unless good cause be shown why the data should remain open to authorized access." *Id.* § 235A.18(1)(*a*). That time period is extended if there is a subsequent report within the ten-year period. *Id.* However, the child abuse registry expressly allows the department of justice to access report and disposition data "for purposes of review by the prosecutor's review committee or commitment of sexually violent predators under chapter 229A." *Id.* There is no similar provision in the dependent adult abuse registry. Again, we assume that omission is intentional. That omission confirms that prosecutors shall not be permitted access to sealed dependent adult abuse information. *See State v. Walden*, 870 N.W.2d 842, 846 (Iowa 2015) ("Legislative '[i]ntent may be expressed by the omission, as well as the inclusion, of statutory terms.'"

(alteration in original) (quoting *State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001))).

For the foregoing reasons, we reverse the district court's ruling unsealing Olutunde's founded dependent adult abuse report.

**B. Whether the State May Use the Contents of the Sealed Report for Impeachment.** The State argues in the alternative that it may use information from the sealed record to impeach Olutunde or his character witnesses if any of them testify he never previously abused a dependent adult. *See, e.g., State v. Parker*, 747 N.W.2d 196, 207 (Iowa 2008) ("Once Parker testified he had never been charged with burglary, the State was permitted to impeach Parker's assertion by asking him about his prior charge for burglary."). In *Parker,* we observed that impeachment is governed by the rules of evidence. *Id.* ("The rules of evidence open the door for the State to expose false statements and claims, but only as far as specifically provided by the rules."). Whether information contained in records sealed under Iowa Code section 235B.9(1) may be used for impeachment is a question of first impression. We decline to decide this evidentiary issue on this record because we can only speculate whether it will arise on remand. *See State v. Derby*, 800 N.W.2d 52, 59–60 (Iowa 2011) (holding defendant must testify at trial in order to preserve challenge to pretrial ruling allowing impeachment evidence).

**IV. Conclusion.**

For the above reasons, we reverse the district court's ruling granting the State's motion to unseal Olutunde's record of a prior founded report of dependent adult abuse that had been sealed under Iowa Code section 235B.9(1). We remand this case for further proceedings consistent with this opinion.

**DISTRICT COURT RULING REVERSED; CASE REMANDED.**