# IN THE SUPREME COURT OF IOWA

No. 15–2151

Filed January 20, 2017

**STATE OF IOWA,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Scott County, Cheryl Traum, Judge.

The State seeks certiorari review of the denial of an order requiring restitution of law enforcement response costs following the defendant's conviction for operating while intoxicated. **WRIT ANNULLED.**

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Michael Walton, County Attorney, and Steve Berger, Assistant County Attorney, for plaintiff.

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for defendant.

**PER CURIAM.**

The State seeks review of the district court's denial of "emergency response" restitution pursuant to Iowa Code section 321J.2(13)(*b*) in an operating while intoxicated (OWI) case. The same legal issue is presented in *State v. District Court*, ___ N.W.2d ___ (Iowa 2016), decided today. Our holding in that case is dispositive on the facts presented in this case. Accordingly, we affirm the decision of the district court denying restitution and annul the writ.

## I. Background Facts and Proceedings.

According to the minutes of testimony, Davenport Police Officer Michael Stegall was on patrol in the early hours of April 7, 2015. Officer Stegall observed a white Ford pickup truck cross the center line of traffic and nearly strike an oncoming vehicle traveling in the opposite direction. The other vehicle was able to swerve out of the truck's path and avoid a head-on collision. Officer Stegall pulled over the truck, at which time he also noticed the truck's license plate light was out.

Officer Stegall approached the pickup truck and identified the driver as Homer Christner. Officer Stegall detected an odor of an alcoholic beverage on Christner's breath and noticed that Christner had bloodshot, watery eyes and slow speech. Officer Stegall asked Christner to step out of the vehicle and perform various field sobriety tests. Christner failed these tests and later submitted to a preliminary breath test. Officer Stegall arrested Christner and transported him to the Scott County Jail. Once at the jail, Officer Stegall read Christner the implied consent advisory and allowed Christner the opportunity to make a phone call. Christner ultimately refused to submit to chemical testing.

Christner later pled guilty to OWI, first offense, in violation of Iowa Code section 321J.2(2)(*a*) (2015). Before sentencing, the State submitted

a request for "emergency response restitution" on behalf of the Davenport Police Department pursuant to Iowa Code section 321J.2(13)(*b*). The form requested restitution for the cost of Officer Stegall's time and the time Stegall's squad car was in use in connection with the traffic stop, arrest, and processing of Christner. A hearing on the restitution request was held on the date of sentencing.

At the restitution hearing, Officer Stegall testified that he pulled over Christner's vehicle at approximately 1:06 a.m. due to Christner's "nearly striking [another] car head-on." Stegall acknowledged that Christner did not actually collide with the other vehicle or cause any injuries, but the officer testified that he "absolutely" viewed Christner's conduct as dangerous. Officer Stegall finished dealing with Christner at the jail approximately an hour after the traffic stop. Stegall then completed required paperwork related to the incident. Officer Stegall testified that the emergency response restitution requested by the State covered two hours of the officer's time, at an hourly rate of $61.30, and two hours for the time his squad car was out of service during that time, at an hourly rate of $18.00, for a total of $158.60.[1]

Christner resisted the State's restitution request and argued that "[t]he response by Officer Stegall was not an *emergency response.*" In a written ruling, the district court agreed with Christner and denied the State's claim for restitution. The court characterized the present case as only involving "services provided by a police department in investigating and effecting the routine arrest and processing of a person" for OWI. The court therefore concluded,

---

[1]The court also heard testimony from a lieutenant with the Davenport Police Department supporting the department's calculation of hourly rates for its officers and squad cars.

[T]he Iowa Legislature did not intend the routine arrest and processing of a Defendant to be subject to an emergency response restitution claim. If the legislature wanted to include nonemergency routine traffic stop activity, it would have said the cost of any response and not add the limiting language of "emergency." The legislature purposefully defined "emergency response" broadly to capture the often unique responses fire, medical, and law enforcement must have to these incidents. Not every emergency involves an accident, although that is typically the case. . . . The broadness of the Iowa definition was merely a way to include those unique, case specific responses that happen even when there is no accident as a result of the violation. It is over reaching to include the routine traffic stop, investigation, and processing in the definition of "emergency response."

The State filed a petition for writ of certiorari with this court. *See* Iowa R. App. P. 6.107(1). We granted the petition.

## II. Scope and Standard of Review.

"We review rulings on questions of statutory interpretation for correction of errors at law." *State v. Olutunde*, 878 N.W.2d 264, 266 (Iowa 2016) (quoting *In re R.D.*, 876 N.W.2d 786, 791 (Iowa 2016)). We also review restitution orders for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.' " *Id.* (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

## III. Disposition.

For the reasons set forth in today's *State v. District Court* decision, Iowa Code section 321J.2(13)(*b*) does not authorize recovery of the costs of the routine law enforcement activities involved in this case. *See* ___ N.W.2d ___. Officer Stegall stopped Christner after he witnessed Christner engage in erratic driving and cross the center line into oncoming traffic. There was no accident or 911 call. As in *District Court*, we certainly intend no criticism of Officer Stegall's actions in removing

Christner from the road. However, this case did not involve an emergency response by the police within the meaning of the statute, and it is not the type of case for which public agency restitution is authorized. Accordingly, we annul the writ.

**WRIT ANNULLED.**

This opinion shall not be published.