# IN THE SUPREME COURT OF IOWA

No. 15–2150

Filed January 20, 2017

**STATE OF IOWA,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**

Defendant.

Certiorari to the Iowa District Court for Scott County, Cheryl Traum, Judge.

The State seeks certiorari review of the denial of an order requiring restitution of law enforcement response costs following the defendant's conviction for operating while intoxicated. **WRIT ANNULLED.**

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Michael Walton, County Attorney, and Noah Poppelreiter, Assistant County Attorney, for plaintiff.

Andrea D. Mason of Lane & Waterman LLP, Davenport, for defendant.

**PER CURIAM.**

The State seeks review of the district court's denial of "emergency response" restitution pursuant to Iowa Code section 321J.2(13)(*b*) in an operating while intoxicated (OWI) case. The same legal issue is presented in *State v. District Court*, ___ N.W.2d ___ (Iowa 2016), decided today. Our holding in that case is dispositive on the facts presented in this case. Accordingly, we affirm the decision of the district court denying restitution and annul the writ.

## I. Background Facts and Proceedings.

According to the minutes of testimony, Officer Richard Niesen of the Davenport Police Department was on routine patrol in the morning hours of March 30, 2015. Officer Niesen saw a beige Buick Century with a nonfunctioning license plate light make a left turn and cut across several lanes of traffic without establishing itself in any of the lanes. Officer Niesen pulled over the Buick due to these traffic violations.

Upon identifying the driver of the vehicle as Matthew Harter, Officer Niesen immediately noticed Harter had bloodshot and watery eyes, slurred speech, and the odor of an alcoholic beverage on his breath. Officer Niesen also observed an open can of alcohol in the vehicle and noticed the smell of burnt marijuana coming from the vehicle. Officer Niesen asked Harter to step out of the vehicle, at which time Niesen noticed that Harter had difficulty standing. Because there was a passenger in the vehicle, Officer Niesen requested backup. Two other Davenport police officers, Officer Gregory Lalla and Corporal Jacob Pries, arrived at the scene to assist Officer Niesen.

Harter was transported to the Scott County Jail, where he performed several field sobriety tests. Harter then refused a preliminary breath test and Officer Niesen read the implied consent advisory to him.

After Harter was given an opportunity to make two phone calls, he refused to provide a breath or urine sample.

Harter later pled guilty to OWI, first offense, in violation of Iowa Code section 321J.2(2)(*a*) (2015). Before Harter's sentencing, the State requested that Harter pay "victim restitution" to the City of Davenport. The State also submitted a form entitled "emergency response restitution" on behalf of the Davenport Police Department pursuant to Iowa Code section 321J.2(13)(*b*). The form requested restitution for the cost of Officers Niesen and Lalla's time, as well as costs for the time the officers' squad cars were used in connection with the traffic stop, arrest, and processing of Harter. Harter resisted the State's request and disputed that Officers Niesen and Lalla's response was an "emergency response" within the meaning of the statute. The court scheduled a separate hearing on the State's request for restitution.

At the restitution hearing, Officer Niesen testified that he pulled over Harter's vehicle at approximately 12:21 a.m. because of the improper lane change and the burnt-out license plate light. Niesen further testified that there had been no accident, reported injuries, or a 911 call made before he stopped Harter. Officer Niesen explained that he placed Harter under arrest at approximately 1:17 a.m. and spent another hour completing various paperwork related to the incident. Niesen clarified that the restitution request covered two hours of his own time, an hour of Officer Lalla's time, and an hour of Corporal Pries's time, all at an hourly rate of $61.30. The request also covered the cost of the officers' squad cars during the same hours, at an hourly rate of $18.00. All told, the State requested $317 related to the OWI traffic stop and arrest.

In a written ruling, the district court denied the State's claim for restitution. The court characterized the present case as only involving "services provided by a police department in investigating and effecting the routine arrest and processing of a person" for OWI. The court therefore concluded,

> [T]he Iowa Legislature did not intend the routine arrest and processing of a Defendant to be subject to an emergency response restitution claim. If the legislature wanted to include nonemergency routine traffic stop activity, it would have said the cost of any response and not add the limiting language of "emergency." The legislature purposefully defined "emergency response" broadly to capture the often unique responses fire, medical, and law enforcement must have to these incidents. Not every emergency involves an accident, although that is typically the case. . . . The broadness of the Iowa definition was merely a way to include those unique, case specific responses that happen even when there is no accident as a result of the violation. It is over reaching to include the routine traffic stop, investigation, and processing in the definition of "emergency response."

The State filed a petition for writ of certiorari with this court. *See* Iowa R. App. P. 6.107(1). We granted the petition.

## II. Scope and Standard of Review.

"We review rulings on questions of statutory interpretation for correction of errors at law." *State v. Olutunde*, 878 N.W.2d 264, 266 (Iowa 2016) (quoting *In re R.D.*, 876 N.W.2d 786, 791 (Iowa 2016)). We also review restitution orders for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

### III.  Disposition.

For the reasons set forth in today's *State v. District Court* decision, Iowa Code section 321J.2(13)(*b*) does not authorize recovery of the costs of the routine law enforcement activities involved in this case.  *See* ___ N.W.2d ___.  Officer Niesen stopped Harter based on an improper lane change and because the vehicle's license plate light was burnt out. There was no accident, there were no actual or potential injuries, and no one made a 911 call.  Hence, there was no emergency response by Officer Niesen within the meaning of the statute, and this is not the type of case for which public agency restitution is authorized.  Accordingly, we annul the writ.

**WRIT ANNULLED.**

All justices concur except Waterman, J., who takes no part.

This opinion shall not be published.