# IN THE SUPREME COURT OF IOWA

No. 18–0690

Filed November 15, 2019

**STATE OF IOWA,**

Appellee,

vs.

**LARRY LEROY GROSS JR.,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A defendant convicted of a criminal offense challenges an order that he pay jail fees for pretrial detention. **AFFIRMED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General.

**MANSFIELD, Justice.**

### I. Introduction.

After a defendant was convicted of arson in the second degree, the county sheriff sought recovery of fees under Iowa Code section 356.7 for the defendant's pretrial detention. The sheriff did not, however, ask that the fees be included in restitution. *See* Iowa Code § 356.7(2)(*i*) (2017). The district court ordered the defendant to pay the requested amount.

On appeal, the defendant claims the court should have determined his reasonable ability to pay those jail fees before awarding them. The State counters that because the fees were not awarded as part of restitution, the district court was not required take into account the defendant's reasonable ability to pay.

On our review, we affirm the order of the district court and the decision of the court of appeals. Based on our reading of the statutes, we find that because the sheriff did not ask for the fees to be included in restitution, the amount is not subject to the reasonable-ability-to-pay limitations on restitution set forth in Iowa Code chapter 910. This means, however, that certain pathways available for collecting restitution are not available here.

### II. Facts and Procedural History.

On June 29, 2017, Des Moines police officers responded to a house fire at the home of Larry Gross. Four others resided in the house and were also present when the fire started: (1) Megan Gross, Larry's wife; (2) Geoff Hansen, a lifelong friend of Larry's who was renting a room from Larry; (3) Chris Hope, who lived in the basement with Nicole Pote; and (4) Nicole Pote. Based upon their investigation, the police determined that Larry Gross had knowingly set fire to his home with the intent to destroy or damage his home. According to police reports, Gross told Megan and Geoff

to grab anything they cared about because he had just lit the house on fire.

On August 9, the State charged Gross with arson in the first degree. *See* Iowa Code § 712.2. Pending trial, Gross was held on a $25,000 cash or surety bond. Gross never posted bail. On October 19, under a plea agreement, Gross pled guilty to arson in the second degree. *See id.* §§ 712.1, .3.

On January 5, 2018, the district court sentenced Gross to prison for a term not to exceed ten years with credit for time served. *See id.* § 902.9(1)(*d*). The court also indicated there would be restitution, stating, "There will be restitution. If there is restitution, I assume there will be a supplemental order?" to which the State responded, "Correct, Your Honor." The court later added, "You could be ordered to make restitution, which is financial compensation, for any monetary loss that may be suffered by the victim of the crime, if you're financially able to do so."

The court memorialized this open-ended determination in its sentencing order, which stated, "Defendant is ordered to make restitution in the amount of $***TBD***. . . . If the amounts of restitution are not available at the time of sentencing, a supplemental order will follow." The sentencing order also suspended fines because of Gross's incarceration and waived attorney fees "based on the circumstances and Mr. Gross's present situation, that he cannot afford [to] pay the fees and costs of the state public defender."

On January 8, Gross appealed his conviction. On November 21, the court of appeals affirmed Gross's conviction, finding that his plea was supported by a factual basis. Pending appeal, Gross was held on a $20,000 cash appeal bond. Gross did not post this bond either.

Meanwhile, on April 6, the Polk County Sheriff's Department filed an application for reimbursement for $11,415, consisting of Gross's room and board for 197 days of incarceration at the Polk County Jail from June 29, 2017, through January 11, 2018. *See id.* § 356.7(2)(*i*). On April 9, the district court entered an order in the criminal case approving the sheriff's claim for $11,415 in correctional fees. The order stated, in part,

> IF YOU DISPUTE THE AMOUNT OWED, PLEASE CONTACT THE POLK COUNTY JAIL AT 515-323-5411 OR VISIT THEIR WEBSITE AT https://www.polkcountyiowa.gov /sheriff/divisions/detention/inmate-room-board/.

> ANY DEFENDANT AGGRIEVED BY THE ABOVE ORDER MAY FILE AN APPLICATION WITH THE COURT TO HAVE THE COURT REEXAMINE THIS DECISION. THE APPLICATION MUST BE FILED WITHIN 15 DAYS AFTER THE FILING OF THE COURT'S ORDER[.]

> Payments may be mailed or made in person:
> Attn: Accounting Clerk
> Polk County Jail
> 1985 NE 51st Place
> Des Moines, Iowa 50313

(Citation omitted.) The order was mailed to Gross's home address in Des Moines and not to the Mt. Pleasant Correctional Facility where he was then confined.

On April 16, Gross initiated an appeal of the order approving the sheriff's claim for reimbursement of jail room and board. His pro se notice of appeal also included a financial affidavit claiming indigence and requesting appointment of counsel.

Gross was appointed appellate counsel, and later, his appeal was transferred to the court of appeals. Just over a year later, on April 17, 2019, the court of appeals affirmed the district court's reimbursement order, finding that it was a civil judgment executable

under chapter 626—not a restitution award under chapter 910—and therefore exempt from a reasonable-ability-to-pay analysis.

On May 7, Gross applied for further review, and we granted his application.

### III. Standard of Review.

We review restitution orders for correction of errors at law. *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010). In doing so, "[w]e determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019) (quoting *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004)). "We review rulings on questions of statutory interpretation for correction of errors at law." *State v. Iowa Dist. Ct.*, 889 N.W.2d 467, 470 (Iowa 2017) (quoting *State v. Olutunde*, 878 N.W.2d 264, 266 (Iowa 2016)).

### IV. Did the District Court Err in Ordering Gross to Pay for Room and Board for His Time Spent in Jail Without Finding that He Had the Reasonable Ability to Pay?

**A. Error Preservation.** Generally, error is preserved on an issue if (1) a party raises the issue before the district court, (2) the district court rules upon the issue, and (3) the party again raises the issue on appeal. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002). However, the rule of error preservation "is not ordinarily applicable to void, illegal or procedurally defective sentences." *State v. Richardson*, 890 N.W.2d 609, 615 (Iowa 2017) (quoting *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994)).

The State argues that Gross failed to preserve error at the district court level by not seeking reconsideration as suggested in the district court's April 9, 2018 order or, alternatively, seeking enlargement of that

order pursuant to Iowa Rule of Civil Procedure 1.904(2). This is consistent with the State's position that the award was a *civil* judgment and that the rules of error preservation for civil matters apply.

Gross counters that because he was not served the order for room-and-board fees which was mailed to his former home address in Des Moines rather than his location of confinement, he could not have sought reconsideration or enlargement. Furthermore, Gross asserts that when the court entered an order for room-and-board reimbursement without a consideration of his reasonable ability to pay the $11,415 bill, he did not have to object because this was the type of sentencing objection that could be raised for the first time on appeal.

Neither side's position is entirely persuasive. On the one hand, although the district court order was apparently mailed to Gross's home address, he received a copy in prison and was able to mail a pro se notice of appeal from prison by April 16. Gross's pro se notice of appeal arrived at the district court on April 18. This was only nine days after the entry of the district court order and would have been within the fifteen-day deadline had Gross sought reconsideration. Whatever the service issue was, it did not cause Gross to miss the reconsideration deadline.

On the other hand, restitution is part of a sentence, and when a party appeals a sentence, some issues may be raised for the first time on appeal even though they were not raised in the district court. *See State v. Gordon*, 921 N.W.2d 19, 22–23 (Iowa 2018). One such issue is whether the sentencing court determined the defendant's reasonable ability to pay before imposing restitution. In none of our recent reasonable-ability-to-pay decisions is there any indication that the defendant raised the absence of a reasonable-ability-to-pay hearing until taking his or her direct appeal. *See State v. Headley*, 926 N.W.2d 545, 549, 553 (Iowa 2019); *State v. Petty*,

925 N.W.2d 190, 194, 197 (Iowa 2019); *State v. Covel*, 925 N.W.2d 183, 187, 189 (Iowa 2019); *Albright*, 925 N.W.2d at 149, 158–62. This does not mean that such an award of restitution is illegal and may be challenged at any time by filing a motion to correct an illegal sentence. Instead, as we have previously held, once the deadline for direct appeal has run, the defendant is limited to filing a petition to modify restitution (or the plan of restitution) under Iowa Code section 910.7. *See State v. Jose*, 636 N.W.2d 38, 46–47 (Iowa 2001); *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984).

Thus, error preservation is intertwined with the merits. If the award of jail fees is the equivalent of a civil judgment, then the State may have a point that Gross should have sought reconsideration under Iowa Rule of Civil Procedure 1.904(2).[1] If the award of jail fees is part of restitution, then Gross can raise the lack of a reasonable-ability-to-pay hearing for the first time in a timely direct appeal. We will therefore proceed to the merits.

**B. Statutory Framework.** We begin with a discussion of the statutory framework. Jail fees are governed by Iowa Code section 356.7, entitled "Charges for administrative costs and room and board— enforcement procedures." Section 356.7(1) provides,

---

[1]We do not decide today whether Iowa Code section 356.7 authorizes immediate court approval of the sheriff's claim in the criminal case subject to the defendant's opportunity to file a motion for reconsideration within fifteen days. In its brief, the State observes,

> A reimbursement claim under section 356.7 could be filed as a separate civil action, even where the sheriff elects to enforce the claim as restitution. Experience suggests that these claims are commonly filed in the criminal case, as was the instant claim. The State believes that the best practice—and one that would lead to significantly less confusion about the district court's duty—would be to file reimbursement claims as separate civil actions regardless whether the sheriff elects to enforce the judgment under chapter 626 or as restitution.

Appellee's Br. 11 n.1.

As discussed below, we also do not decide whether the procedure followed in this case complies with due process. Those matters are not before the court.

The county sheriff, or a municipality operating a temporary municipal holding facility or jail, may charge a prisoner who is eighteen years of age or older and who has been convicted of a criminal offense or sentenced for contempt of court for violation of a domestic abuse order for the actual administrative costs relating to the arrest and booking of that prisoner, for room and board provided to the prisoner while in the custody of the county sheriff or municipality, and for any medical aid provided to the prisoner under section 356.5. . . . The county attorney may file the reimbursement claim on behalf of the sheriff and the county or the municipality. The attorney for the municipality may also file a reimbursement claim on behalf of the municipality.

Iowa Code § 356.7(1).

Iowa Code section 356.7(2) provides,

The sheriff, municipality, or the county attorney, on behalf of the sheriff, or the attorney for the municipality, may file a reimbursement claim with the clerk of the district court which shall include all of the following information, if known . . . .

This is followed by a list of eight items that must be included (if known) in the claim:

a. The name, date of birth, and social security number of the person who is the subject of the claim.

b. The present address of the residence and principal place of business of the person named in the claim.

c. The criminal proceeding pursuant to which the claim is filed, including the name of the court, the title of the action, and the court's file number.

d. The name and office address of the person who is filing the claim.

e. A statement that the notice is being filed pursuant to this section.

f. The amount of room and board charges the person owes.

g. The amount of administrative costs the person owes.

h. The amount of medical aid the person owes.

*Id.* § 356.7(2)(*a*)–(*h*). Further, this section provides,

*i.* If the sheriff or municipality wishes to have the amount of the claim for charges owed included within the amount of restitution determined to be owed by the person, a request that the amount owed [shall] be included within the order for payment of restitution by the person.

*Id.* § 356.7(2)(*i*).

In short, there are eight mandatory items, plus the option of requesting that the jail fees be included in the restitution order.

Section 356.7(3) continues,

Upon receipt of a claim for reimbursement, the court shall approve the claim in favor of the sheriff or the county, or the municipality, for the amount owed by the prisoner as identified in the claim and any fees or charges associated with the filing or processing of the claim with the court. The sheriff or municipality may choose to enforce the claim in the manner provided in chapter 626. Once approved by the court, the claim for the amount owed by the person shall have the force and effect of a judgment for purposes of enforcement by the sheriff or municipality.

*Id.* § 356.7(3).

Notable is the language allowing the sheriff to "choose to enforce the claim in the manner provided in chapter 626." *Id.*; *see also id.* ch. 626. Chapter 626 prescribes the various procedures for collecting on money judgments. *See, e.g., id.* § 626.1 ("Judgments or orders requiring payment of money, or the delivery of the possession of property, are to be enforced by execution. Obedience to those requiring the performance of any other act is to be coerced by attachment as for contempt.").

Originally, Iowa Code section 356.7 contemplated only a reimbursement *lien.* *See* 1996 Iowa Acts ch. 1081, § 1 (codified as amended at Iowa Code § 356.7 (1997)); *id.* ch. 1219, § 71 (codified as amended at Iowa Code § 356.7 (1997)). This perhaps explains why even today it entails only a filing with the district court clerk. *See* Iowa Code § 356.7(2) (2017). The following year, though, the general assembly broadened the scope and significance of the statute. *See* 1997 Iowa Acts

ch. 140, §§ 1–2 (codified as amended at Iowa Code § 356.7 (Supp. 1997)). It changed "lien" to "claim," created the option described above for the sheriff to have the award of jail fees included in restitution, and also got the court involved for the first time. *See id.* Thus, section 356.7(3), which had read, "The filing of a room and board reimbursement lien in accordance with this section creates a lien in favor of the sheriff in any personal or real property identified in the lien to the extent of the interest held in that property by the person named in the lien," Iowa Code § 356.7(3) (1997), was considerably modified and expanded to take on essentially its present form, *see id.* § 356.7(3) (2017). Seemingly, the 1997 amendments transformed a prior lien statute into a choice of pursuing either (1) incorporation of jail fees within the restitution order or (2) a civil judgment alone for those fees.

Restitution is governed by Iowa Code chapter 910. The chapter makes several cross-references to section 356.7. Section 910.1(4) provides, in part, " *'Restitution'* also includes . . . court costs including correctional fees approved pursuant to section 356.7 . . . ." Iowa Code § 910.1(4). Section 910.2(1)(*a*) states, in part,

> In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, . . . [c]ourt costs including correctional fees approved pursuant to section 356.7 . . . .

*Id.* § 910.2(1). Section 910.3 provides, in part,

> The clerk of court shall prepare a statement of . . . court costs including correctional fees claimed by a sheriff or municipality pursuant to section 356.7, which shall be provided to the presentence investigator or submitted to the court at the time of sentencing.

*Id.* § 910.3.

> Section 910.3 also indicates that

> [i]f the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time. At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution.

*Id.*

**C. Relevant Caselaw.** We will now turn to the relevant judicial precedents. Iowa Code chapter 910 has generated a cornucopia of caselaw, but this case centers on a single, recent decision. In *Albright*, we addressed the suitable procedure for ordering restitution and for considering a defendant's reasonable ability to pay restitution. 925 N.W.2d at 158–62. We noted the restitution statute "creates two categories of restitution." *Id.* at 159 (citing Iowa Code § 910.2(1)). The first category, consisting of victim restitution and statutory fines, penalties, and surcharges, must be ordered "regardless of the offender's reasonable ability to pay." *Id.* (citing Iowa Code § 910.2(1)). The second category, consisting of crime victim assistance reimbursement, restitution to public agencies, court-appointed attorney fees, and court costs including correctional fees, can be ordered only "to the extent the offender has the reasonable ability to pay." *Id.*

In *Albright*, the court had made an advance determination that the defendant had a reasonable ability to pay before certain second-category restitution amounts were actually known. *Id.* at 149. We held this was "contrary to the statutory scheme"; accordingly, we reversed and remanded. *Id.* at 162–63.

Thus, in *Albright*, we summarized the required restitution procedure as follows:

> [W]e urge courts to do everything possible to have all items of restitution before the court at the time of sentencing. Courts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay. A court should make every effort to determine an offender's financial condition as early as possible. This may require the offender filing an updated financial statement, a colloquy with the offender, or both. A court cannot impose restitution on an offender for the items subject to the offender's reasonable ability to pay if the offender does not have a reasonable ability to pay those items. Finally, any temporary, permanent, or supplemental order regarding restitution is not appealable or enforceable until the court files its final order of restitution.

*Id.* at 162. Hence, *Albright* makes clear that with respect to restitution, no award of reasonable-ability-to-pay items such as jail fees may occur until all such items are before the court and the court has then made a reasonable-ability-to-pay determination. *Id.*

We have since applied *Albright* in a number of other cases. *See, e.g., Headley,* 926 N.W.2d at 553 (reversing and remanding in light of *Albright*); *State v. McMurry,* 925 N.W.2d 592, 601–02 (Iowa 2019) (same); *Petty,* 925 N.W.2d at 197–98 (same); *Covel,* 925 N.W.2d at 189–90 (same).

In contrast to Iowa Code chapter 910, section 356.7 has received relatively little attention from this court. The statute received detailed scrutiny for the first and perhaps only time in *State v. Abrahamson,* 696 N.W.2d 589, 591–93 (Iowa 2005). There, six convicted criminal defendants challenged the inclusion of Lucas County jail room and board in their restitution orders. *Id.* at 590. We confirmed that Iowa Code section 356.7 established two options:

> Under section 356.7(3), a court-approved claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910. Under section 356.7(2)(*g*) [now section 356.7(2)(*i*)], a sheriff, if he

> decides to collect the claim under the restitution plan, must so state in the original claim.

*Id.* at 591. We noted that the sheriff in *Abrahamson* had chosen the latter option, "specifically stating in his claims that he elected to collect the amounts under the restitution alternative." *Id.* However, we affirmed the restitution orders because the defendants "got exactly what they requested [in their resistance in the district court]—a hearing that considered all of the factors under section 910.3 (necessity and reasonableness of the charges and the defendants' ability to pay)." *Id.* at 592.

We then went on,

> Because the sheriff did not elect to collect the claim for room and board under the chapter 626 alternative, but rather treated them as claims for restitution under chapter 910 and the defendants received a full hearing on the restitution claim, it is not necessary for us to consider the argument that the "shall approve" language of the statute renders it invalid. Nevertheless, we do so to provide guidance in those cases in which a sheriff requests court approval of a claim as a condition precedent to collection of it under the regular judgment collection provisions of chapter 626, rather than through restitution.

*Id.* We held that the "shall approve" language was "a grant of authority to the court to resolve the merits of the claim—not a mandate that it simply sign the order as a ministerial function." *Id.* at 593.

This leads us now to the crux of the matter today. We must determine, in an instance when the sheriff does *not* include a request to include the jail fees claim within restitution, whether the district court is required to consider the defendant's reasonable ability to pay in assessing correctional fees pursuant to Iowa Code section 356.7. In short, is recovery of jail fees under section 356.7 always subject to a reasonable-ability-to-pay screen or only when such fees are intentionally included in a restitution order?

**D. Answering the Question.** We begin by reviewing the statutes themselves. "If the language is unambiguous, our inquiry stops there." *Richardson*, 890 N.W.2d at 616. Nothing in Iowa Code section 356.7 itself makes the recovery of jail room and board subject to a reasonable-ability-to-pay limitation. The limitation appears only in chapter 910 governing restitution, and section 356.7(2)(*i*) allows but does not require the sheriff to include the amount of the claim in restitution. We confirmed in *Abrahamson* that a "claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910." 696 N.W.2d at 591. Thus, where the sheriff does not opt for the second route—i.e., to have jail fees included in restitution—a restitution-only limit seemingly should not apply.

When we consider other tools of statutory interpretation, we find additional support for the view that an award of jail fees is not subject to a reasonable-ability-to-pay limitation unless the fees are a component of restitution. One such tool is legislative history. *See* Iowa Code § 4.6(3); *State v. Doe*, 903 N.W.2d 347, 352 (Iowa 2017). The original version of the 1997 amendment did not contain a restitution option, only a civil judgment option. *See* S.S.B. 95, 77th G.A., 1st Sess. § 1 (Iowa 1997). The bill explanation for that version stated,

> This bill provides that claims for reimbursement for room and board provided while a prisoner is in the custody of a county sheriff may be filed by the sheriff or the county attorney with the district court as part of the criminal proceeding. *Upon receipt of a claim for reimbursement, the court is to enter judgment against the prisoner in an amount equal to the value of the room and board provided to the prisoner while the prisoner was in the county sheriff's custody.* The sheriff may enforce the judgment through a writ of execution under chapter 626.

*Id.* explanation (emphasis added). Although the restitution option was added later to the 1997 amendment, it does not appear the legislature added any language altering the effect of the judgment option. Indeed, the fiscal note for the final version of the bill states, "The Court is to enter the judgment against the prisoner in an amount equal to the value of the room and board provided to the prisoner, plus any associated court fees or charges." S.F. 184, 77th G.A., 1st Sess. fiscal note.

Another tool of statutory interpretation is to examine the consequences of a particular interpretation and see whether that interpretation makes practical sense. *See* Iowa Code § 4.4(3); *Doe*, 903 N.W.2d at 353. Does the State's position simply give the sheriff an easy way to circumvent *Albright* and the reasonable-ability-to-pay limitation on restitution in chapter 910?

We think not. There is a tradeoff when the sheriff pursues only a civil judgment instead of a restitution award. A restitution award may be enforced like a civil judgment, *see* Iowa Code § 910.7A(2), but it is more powerful in several ways. "[R]estitution shall be a condition of probation." *Id.* § 910.4(1). If the offender fails to comply with the restitution plan, probation may be revoked. *Id.* § 910.4(1)(*b*). Likewise, "restitution shall be a condition of work release." *Id.* § 910.5(2). If the offender fails to pay the restitution, work release may be revoked. *Id.* § 910.5(2)(*b*). And "restitution shall be a condition of parole." *Id.* § 910.5(4). Furthermore, jail fees that are included in restitution are not generally dischargeable in bankruptcy. *See* 11 U.S.C. § 1328(a)(3) (2012) (exempting from discharge in a Chapter 13 bankruptcy any debt "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime"); *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S. Ct. 353, 361 (1986) (holding that restitution obligations imposed in criminal judgments are not

dischargeable in a Chapter 7 bankruptcy); *see also State v. Mayberry*, 415 N.W.2d 644, 646 (Iowa 1987). When an inmate engages in private employment, restitution may be deducted from his or her wages under a priority scheme. *See* Iowa Code § 904.809(5)(*c*)(2); *State v. Morris*, 858 N.W.2d 11, 15 (Iowa 2015). Thus, when the sheriff elects not to include jail fees in restitution, she or he is giving up some advantages. Restitution is a condition of probation, parole, and work release, and can't be discharged in bankruptcy.

Gross argues that the sheriff's effort to collect jail fees must be subject to the reasonable-ability-to-pay limitation in Iowa Code chapter 910 because the sheriff here did not file a separate civil action. As he puts it, "[B]ecause the room and board reimbursement claim was filed in the criminal case, it is a restitution order and not a civil judgment." Appellant's Reply Br. 7. As noted above, the State concedes that filing a separate civil action would be the "best practice." Appellee's Br. 11 n.1. But echoing the days when section 356.7 was only a *lien* provision, section 356.7 simply requires the sheriff to "file a reimbursement claim with the clerk of the district court" setting forth certain information. Iowa Code § 356.7(2). It does not require "filing a petition with the court," which is the only way to commence a civil action. Iowa R. Civ. P. 1.301(1) ("For all purposes, a civil action is commenced by filing a petition with the court."). Note also that section 356.7 allows the sheriff herself or himself to file the claim with the clerk, even though the sheriff may not be an attorney and the funds belong to the county (although sixty percent are to be used for law enforcement and detention facility purposes). *See* Iowa Code § 356.7(1), (2), (5)(*a*).

It is true, of course, that defendants are entitled to due process before judgments for jail fees are entered against them. "As a general

matter, due process requires, at a minimum, notice and an opportunity to be heard." *Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 778 (Iowa 2019). Gross does not claim that the assessment of room-and-board fees in this case denied him due process, and we leave those issues to another case and another day.

In the past, we have recognized that "reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). This case, as we have held, involves an order with the effect of a civil judgment and not a criminal restitution order. Gross does not contend that a civil judgment is subject to the same constitutional constraints. We leave those issues as well to another case and another day.

We also do not resolve additional issues that may be presented when the sheriff seeks recovery of jail fees without bringing a separate civil action and without including those fees in restitution. Must the defendant be served "in any mode provided in this Code other than by publication"? Iowa Code § 624.22. How is the entry of the award recorded in the court docket? *See id.* § 602.8104(2)(*b*) (discussing the judgment docket). Under section 602.8107(1)(*a*), it appears that fees "charged under section 356.7" would be considered "court debt" whether imposed as part of restitution or otherwise. *Id.* § 602.8107(1)(*a*). If so, this means they would be "owed and payable to the clerk of the district court." *Id.* § 602.8107(2). But in that event, how is restitution court debt tracked separately from nonrestitution court debt?

Finally, as the judicial branch of government, and not the legislative or executive, we leave to others to determine the appropriate policy in this area.[2]

---

[2]It appears that a number of other states—as a matter of legislative policy—consider an offender's reasonable ability to pay when assessing jail fees whether or not those fees fall under restitution. *See* 730 Ill. Comp. Stat. Ann. 125/20(a) (West, Westlaw through P.A. 101-412, 2019 Reg. Sess.) ("The county board may require convicted persons confined in its jail to reimburse the county for the expenses incurred by their incarceration to the extent of their ability to pay for such expenses. . . . The State's Attorney of the county in which such jail is located may, if requested by the County Board, institute civil actions in the circuit court of the county in which the jail is located to recover from such convicted confined persons the expenses incurred by their confinement."); Ky. Rev. Stat. Ann. § 441.265(1), (2)(b) (West, Westlaw through 2019 Reg. Sess.) (authorizing reimbursement of county jail fees and the filing of civil actions for their recovery, but providing a "good cause" exception to their award and also stating that "[r]ates charged may be adjusted in accordance with the fee and expense reimbursement policy based upon the ability of the prisoner confined to the jail to pay, giving consideration to any legal obligation of the prisoner to support a spouse, minor children, or other dependents"); Minn. Stat. Ann. § 641.12(1), (3)(b) (West, Westlaw through 2019 Reg. & 1st Spec. Sess.) (authorizing the collection of jail fees as an item separate from restitution but stating that "[t]he chief executive officer of the local correctional agency or sheriff shall waive payment of the costs under this subdivision if the officer or sheriff determines that the person does not have the ability to pay the costs, payment of the costs would create undue hardship for the person or the person's immediate family, the prospects for payment are poor, or there are extenuating circumstances justifying waiver of the costs"); Mo. Ann. Stat. § 217.831(3) (West, Westlaw through 2019 1st Reg. & 1st Extraordinary Sess.) ("If the attorney general upon completing the investigation [into an offender's assets and estimated total cost of care while confined] has good cause to believe that an offender or former offender has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period, the attorney general may seek to secure reimbursement for the expense of the state of Missouri for the cost of care of such offender or former offender."); Mont. Code Ann. § 7-32-2245(1) (West, Westlaw through 2019 Sess.) (entirely separate from its restitution statute, stating that "[a]n inmate found by the sentencing court to have the ability to pay is liable for costs, including actual medical costs, of the inmate's confinement in a detention center"); Ohio Rev. Code Ann. § 2929.18(A) (West, Westlaw through files 1–15 & 18 of 133d Gen. Assemb.) (authorizing "[r]eimbursement by the offender of any or all of the costs of sanctions incurred by the government, including . . . [a]ll or part of the costs of confinement . . . provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of confinement"); Tex. Code Crim. Proc. Ann. art. 42.038(c)–(d) (West, Westlaw through 2019 Reg. Sess.) (permitting a court to consider any special circumstances that may affect the defendant's ability to pay when deciding whether to order reimbursement for costs of confinement separate from restitution).

### V. Conclusion.

For the foregoing reasons, we affirm the district court's judgment and the decision of the court of appeals.

**AFFIRMED.**

All justices concur except Wiggins, J., who concurs specially.

**WIGGINS, Justice (concurring specially).**

I agree with the result reached by the majority, and I further agree that the judgment under Iowa Code section 356.7 (2017) is a civil judgment. I feel compelled to write in order to point out the hazards of a county or city using this section to collect jail room and board and medical aid from a convicted inmate.

The majority states Gross did not raise a due process claim. The majority correctly states, "As a general matter, due process requires, at a minimum, notice and an opportunity to be heard." *Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 778 (Iowa 2019). My concern is—and the concern of every county and city should be—whether the judgment is collectable without providing a defendant due process. The United States Supreme Court has held property taken from a defendant who did not receive adequate notice and opportunity to be heard must be returned to the defendant. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 320, 70 S. Ct. 652, 656–57, 660 (1950). Is a county or city subject to a wrongful execution, attachment, or garnishment suit if notice and opportunity to be heard was inadequate under the Constitution?

My next concern is whether counties or cities are seizing assets from prisoners in violation of Iowa's garnishment restrictions. Iowa Code section 642.21 limits the amount of a person's wages that a judgment creditor can garnish under federal and state law. Most likely, any amount garnished from a prisoner's wages violates this Code section. Is a county or city subject to a wrongful execution, attachment, or garnishment suit if it violates section 642.21?

Thirdly, how many counties and cities are trying to collect on a section 356.7 judgment after the expiration of the statute of limitations for

collecting the judgment? Section 614.1(6) limits the time period in which to bring an action to collect on a judgment to twenty years. And section 614.17A(1) prohibits an action to establish an interest in real estate if the action is based on a claim existing for more than ten years. Additionally, section 614.17A(2) limits the lien created by a civil judgment to ten years. Is a county or city subject to a wrongful execution, attachment, or garnishment suit if it collects after the expiration of the statute of limitations?

Another unanswered question is whether the collection of jail room and board and medical aid from a convicted inmate is subject to the Iowa Debt Collection Practices Act, Iowa Code sections 537.7101 to 537.7103. I do not know the answer to this question.

Finally, I think a question exists as to whether a judgment for jail room and board and medical aid against a convicted inmate is voidable. If the county or city obtained the judgment without notice to the inmate and an opportunity to be heard, does the court have personal jurisdiction over the inmate to enter a valid judgment?

As demonstrated by the majority opinion and this opinion, counties and cities can collect jail room and board and medical aid from a convicted inmate and avoid the reasonable-ability-to-pay requirement when a court assesses those items as a civil judgment. However, when a county or city makes that choice, it may be subject to the civil laws regarding collection of debts. In the end, using section 356.7 to collect jail room and board and medical aid from a convicted inmate may contain many more pitfalls than using Iowa's restitution statutes. Only further litigation will answer these questions.